[No. 3,420.]

## THE PEOPLE *v.* WILLIAMS.

45   25
77   119
45   25
106   472
45   25
145   78

BILL OF EXCEPTIONS MUST SHOW ERROR AFFIRMATIVELY.—If a defendant who is jointly indicted with another for a crime relies, on appeal, on the fact that the declarations of his confederate were received in evidence against him on his trial, and that he was not present when they were made, the bill of exceptions must show that he was not present when the declarations were made, or it will not show error.

BILL OF EXCEPTIONS.—All omissions or uncertainties in a bill of exceptions are to be construed against the party presenting it.

QUESTION NOT ANSWERED.—When a question, even if objectionable, is not answered, an objection to it becomes a mere abstraction, and no injury is done to the party excepting.

EXCEPTION MUST SHOW ON WHAT IT RESTS.—When a question which is not *per se* objectionable, and which might be admissible under some circumstances, is put to a witness and answered under objection, the record must show the facts previously established in evidence, or the Court will not be able to pass on the propriety of the question or answer.

APPEAL from the County Court of Stanislaus County.

The defendant, Charles Moore, and B. Doyle, were jointly indicted for the crime of robbery, alleged to have been committed by forcibly taking from the person of one Lewis

Voyle a watch and gold and silver coin. The defendant had a separate trial, and was convicted, sentenced, and appealed. The appeal was taken on a bill of exceptions. Voyle's answer to the question put to him by the District Attorney was: "Doyle said Moore and himself robbed me, and Williams stood by the fence to watch and prevent any interruption."

The following is the exception mentioned in paragraph four of the opinion:

" One Rupley was sworn and examined on the part of the people, and was asked by the District Attorney the following question, viz:

" Question—State whether the other two men, Doyle or Moore (not Williams), said anything about the absence of Williams when you first came home?

"Objected to as hearsay and incompetent. Objection overruled, and defendant Williams excepted."

The answer of witness Hill to the question mentioned in paragraph five of the opinion was: " I said to myself, they (including Williams) are thieves, from their action."

The defendant moved to strike out the answer as merely an opinion of the witness, which was not competent evidence, and immaterial in this action. The Court denied the motion.

The witness further stated, in answer to the question: " I have had experience as a detective; have been Constable for many years, and I thought they (including defendant Williams) did not come to their money honestly, and I wrote to Voyle to that effect, and to send me a warrant for the arrest." The defendant also moved to strike out the above, and the Court denied the motion.

The other facts are stated in the opinion.

*J. H. Budd,* for Appellant.

The declaration of a co-defendant named in the indictment, but who is not on trial, cannot be received in evidence against the defendant on trial, without first proving a conspiracy or combination between them for the accomplishment of the crime charged in the indictment. (1 Greenl. Ev., Sec. 111.) And even then the acts and declarations of the co-defendant are competent evidence only when done and made during the pendency of the criminal enterprise and in furtherance of its objects. If they took place at a subsequent period, and are a narrative of past occurrences, they are not admissible. (1 Greenl. Ev., Sec. 111; *Crowninshield's Case,* 10 Pick. 497; *U. S.* v. *Burr,* 2 Burr's Trial, Robertson, 538; *Apthorpe* v. *Comstock,* 2 Paige, 488; *People* v. *Bleecker,* 2 Wheel. Cr. Cases, 56.)

The opinion of the witness Hill, that defendant was a thief, was not competent evidence. It was not a question of skill as to which the opinion of an expert was admissible. (1 Greenl. Ev., Sec. 440.)

*John L. Love, Attorney General,* for Respondent.


By the Court:

1. No point is made upon the instructions, and we will, therefore, not consider them.

2. The transcript does not purport to contain all the evidence in the case, but the alleged errors relied upon are such as appear in the bill of exceptions. It is well settled that all omissions or uncertainties in a bill of exceptions are to be construed against the party presenting it—this is an obvious corrollary to the rule that mere intendments here go in support of the judgment below, and that error is not to be presumed, but must affirmatively appear in the record.

3. The first error relied upon is, that the District Attorney

asked of Voyle, the prosecuting witness, the following ques-
tion, viz: " Did Doyle or any other of the prisoners make a
statement to you in relation to the alleged robbery, and, if
so, what was done in consequence of such information?" An
objection, and the only one, taken to this question by the
prisoner was: " That no statement made by his co-defend-
ants was admissible as evidence against the defendant Wil-
liams, no conspiracy or combination to commit said alleged
crime having as yet been proven or attempted to be proven."
This objection was overruled, and upon the record here we
cannot discern that there was error in the ruling of the Court
below in this respect. It may be, for aught that we know,
that the defendant was present at the time Doyle made the
statement inquired of, and in that view the statement of
Doyle would be admissible in evidence. It is fairly to be
intended that he was present then, otherwise the objection
that he was not would have been taken.

4. The question, as asked of the witness Rupley, even if
objectionable in itself, does not seem to have been answered
by him, at least no answer appears in the record, and in that
view the question asked and objection taken become mere
abstractions.

5. The Constable, Hill, who had arrested the defendant,
was asked by the District Attorney how he came to do so.
This was objected to, because the reason why he did so was
"immaterial and not competent evidence." The Court over-
ruled the objection, and we are asked to reverse its ruling,
without our being informed by the record as to the circum-
stances under which the question was asked. There are
some questions, of course, which are *per se* objectionable
and which are inadmissible under any supposable circum-
stances in judicial proceedings, but this is not one of those.
Its admissibility or inadmissibility at the trial would rest
upon a consideration of the other evidence given—and that,
as we have said already, is not before us. It might be that

the facts established in evidence, or sought to be, made the reasons or motives of the officer in effecting the arrest a proper subject of inquiry, with a view of elucidating some one or more of the attendant circumstances, which, for aught we know, may have been involved in the trial. If the propriety of the question asked is not upon the record open to inquiry here, as we think it is not, the answer, which was clearly responsive to the question, is not to be objected to either. Though somewhat strong in its language, it amounts to nothing more after all than that he made the arrest because he suspected that the prisoner and others were guilty of robbing Voyle.

Judgment affirmed.