[No. 10,206.]

## THE PEOPLE *v.* CHARLES FISHER.

VERDICT ON TRIAL FOR ARSON.—When an indictment charges only the lowest degree of a crime, as defined by the Penal Code, it is unnecessary for the jury in their verdict to specify the degree of the crime of which the defendant is found guilty.

INDICTMENT FOR ARSON.—In an indictment for arson in the second degree, it is not necessary to describe the building burned as the property of the occupant; but it may be described as the property of the owner, even if occupied by a tenant.

MOTION FOR NEW TRIAL IN CRIMINAL CASE.—In a criminal case, when a motion for a new trial is made on the ground that the verdict is contrary to the evidence, the motion is heard as it would be were it brought on for hearing immediately after the rendition of the verdict, and neither a statement nor the reporter's notes are required to be filed in support of the motion.

IDEM.—If the motion is denied, a bill of exceptions is afterwards prepared, and settled, and signed, and it is necessary that the bill should show that evidence was introduced tending to prove every material issue; and if the bill fails to show this, it will be presumed that, as to this issue, the verdict is contrary to the evidence.

IDEM.—It is not necessary in such bill of exceptions for the defendant to specify the respects in which the evidence is alleged to be insufficient to sustain the verdict; but it is sufficient to say that the evidence is insufficient to sustain the verdict.

APPEAL from the County Court, County of San Joaquin.

The defendant was charged in the indictment with having burned a building capable of affording shelter to human beings. The jury found the defendant guilty without specifying the degree of his guilt. The defendant moved for a new trial, which was denied. He then prepared a bill of exceptions, in which he specified, among other reasons for granting a new trial, that the evidence was insufficient to sustain the verdict. The motion for a new trial was denied, and the defendant appealed.

The other facts are stated in the opinion.

*S. L. Terry*, for the Appellant.

*Jo Hamilton, Attorney-General*, for the People.

By the Court, Rhodes, J.:

The offense with which the defendant is charged by the indictment amounts only to arson in the second degree, as defined by section four hundred and fifty-four, Penal Code. When the indictment, as in this case, charges only the lowest degree of a crime, as defined by the Code, it is unnecessary for the jury to specify in the verdict the degree of the crime of which the defendant is found guilty.

The house alleged to have been burned is described as the property of one B. W. Bours. It was proven that it was his property, but that one Capurro was in possession of it under a lease from Bours; and the point is made that, in this respect, there is a variance between the indictment and the proof; in other words, that, in an indictment for arson, the house should be described as the house of the occupant.

Arson, as defined by the common law, is an offense against the security of the habitation, rather than against the property which was burned (2 Bish. Cr. Law, Sec. 24); but by the Penal Code, sections four hundred and forty-seven and four hundred and forty-eight, the scope of the definition is materially extended. "Any house, edifice, structure, vessel or other erection, capable of affording shelter for human beings," is a "building" within the meaning of the chapter of the Code defining arson, and providing for its punishment. It is not necessary that the "house, edifice, structure, vessel, or other erection," should have been intended for, or have been used as, a habitation; but it is sufficient if it be "capable of affording shelter for human beings;" and for that reason it is not true that the willful and malicious burning of a building, which was not intended, or was not used, as a habitation, is an offense against the person rather than the property. It is not necessary, therefore, in an indictment for arson of the second degree, to describe the building as the building of the occupant or tenant; but it will be sufficient to describe it as the building of the owner, though it may have been held by a tenant, under a lease from the owner.

The point is made, that it was not proven that the alleged

offense was committed in the county of San Joaquin. Upon a careful examination of the bill of exceptions, we find no evidence tending to prove the venue. The prosecution attempts to avoid this point by the proposition that, as the bill of exceptions does not purport to contain all the evidence, and as it states that the several witnesses "testified in substance," as therein stated, it will be presumed, in support of the verdict, in the absence of anything in the bill of exceptions showing to the contrary, that sufficient evidence was given to prove every material fact in issue. That proposition is not tenable, under the practice provided by the Penal Code; nor was it true under the late Criminal Practice Act. It is impossible to conceive of a case in which it is necessary to bring up to this Court all the evidence which was introduced at the trial. One ground of the motion for a new trial is that the verdict is contrary to the evidence; but the defendant is not required, as in civil cases, to specify the respects in which the evidence is insufficient; and consequently, on the hearing of the motion, he may rely on the point that the evidence is insufficient to prove any one of the facts in issue. If the motion is denied, the defendant may except to the decision, and thereupon a bill of exceptions may be prepared and settled, as provided by sections eleven hundred and seventy-four and eleven hundred and seventy-five, Penal Code; and the question of the sufficiency of the evidence to sustain the verdict can be heard and determined in this court only upon such bill of exceptions. The evidence need not be set out in the bill at length by questions and answers; but in almost all conceivable cases it is sufficient to give the substance of the evidence or of the testimony of each witness. If there be no controversy as to the sufficiency of the evidence to prove a particular fact in issue, the bill of exceptions need only state that such fact was proven, or that there was evidence tending to prove such fact; and it is the duty of the district attorney to have a statement to that effect inserted in the bill, in *respect to every fact in issue*, except the fact or facts in respect to which the substance of the evidence is stated. The presumption in this court is, that there was no evidence introduced in sup-

port of a fact in issue, unless the bill of exceptions contains the substance of the evidence introduced to prove the fact, or states that the fact was proven, or that evidence was introduced tending to prove it.

The practice which obtains in some trial courts, of hearing the motion for a new trial on a statement of the evidence, finds no support in the Code. When the ground of the motion is that the verdict is contrary to the evidence, the motion is heard as it would be were it brought on for hearing immediately after the rendition of the verdict; but neither a statement nor the reporter's notes are required to be filed in support of the motion. If the action has been heard and determined on its merits, and a motion for a new trial, on the ground that the verdict is contrary to the evidence, is denied, there is no case in which it is necessary for the judge to certify that the bill contains *all* the evidence. The provisions of section eleven hundred and seventy-five of the Penal Code are applicable to all bills of exceptions in criminal cases. The bill of exceptions must contain " so much of the evidence *only* as is necessary to present the questions of law upon which the exceptions were taken."

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

Neither Mr. Justice CROCKETT nor Mr. Justice McKINSTRY expressed an opinion.