[Crim. No. 969.   In Bank.—October 3, 1904.]

## THE PEOPLE, Respondent, v. CHARLES COULTER, Appellant.

CRIMINAL LAW—BURGLARY—DEGREE OF OFFENSE—SUFFICIENCY OF EVIDENCE—BILL OF EXCEPTIONS—REVIEW UPON APPEAL.—Where the defendant was convicted of the crime of burglary in the second degree, and the only question raised upon appeal is as to whether the verdict is contrary to the evidence, and the judgment-roll and bill of exceptions show affirmatively that the bill of exceptions does not contain all of the evidence, and the bill of exceptions purports only to state that the testimony given at the trial included evidence directed solely to the time of the offense, and tending to show burglary of the first degree, other questions as to the insufficiency of the evidence to support the verdict are not raised, and cannot be reviewed upon the appeal. [Beatty, C. J., Henshaw, J., and Lorigan, J., dissenting.]

ID.—VERDICT FAVORABLE TO DEFENDANT.—The defendant cannot complain that the verdict was more favorable to him than the evidence warranted.

ID.—PRESUMPTIONS AS TO EVIDENCE IN BILL OF EXCEPTIONS.—Though the general rule is, that the bill of exceptions is presumed to contain all of the evidence, even if it does not so state, where it purports to give the substance of the evidence, or what it tends to show; yet this rule does not apply where the bill by its terms is limited to the statement of a portion of the material evidence included in the testimony given at the trial. In such case the presumption is only as to the completeness of the record as to the evidence upon the particular matter to which by its terms the bill is limited; and it must be presumed that the omitted evidence was sufficient to sustain the verdict of the jury in all other respects. [Beatty, C. J., Henshaw, J., and Lorigan, J., dissenting.]

ID.—BURDEN UPON DEFENDANT—DUTY OF DISTRICT ATTORNEY.—Where
the defendant's motion for a new trial is denied, it devolves upon
him to present a draft of a bill of exceptions purporting, at least,
to contain a fair statement of the evidence material to the question
which he desires to have determined upon appeal. Though it is the
duty of the district attorney to see that the evidence is complete
as to all such matters, it is not his duty to prepare a bill of
exceptions; and his duty is confined to proposing such amendments·
in regard to the particular matter set forth in the bill as will show
the truth as to those matters. [Beatty, C. J., Henshaw, J., and
Lorigan, J., dissenting.]

ID.—PREPARATION OF BILL OF EXCEPTIONS—DUTY OF JUDGE.—A bill of
exceptions need not in any case state all of the evidence word for
word. As to those matters concerning which there is no dispute, the
bill should merely contain the briefest statement as to its effect;
and as to the matters as to which the dispute exists, the statement
should be sufficiently elaborate to show the facts. It is the duty
of the judge settling the bill to strike out all unnecessary matter,.
and to see that it is no more lengthy than the necessities of the case
require.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

H. H. McCloskey, for Appellant.

U. S. Webb, Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was convicted of the
crime of burglary of the second degree and adjudged to suffer
imprisonment in the state prison for three years. He appeals
from the judgment and from an order denying his motion for
a new trial.

The motion for a new trial was made upon several grounds,
one being, "That the verdict is contrary to the evidence."
This is the only ground relied on upon this appeal, counsel
for defendant stating in his brief that the venue was not
shown, the date of offense was not shown, the ownership of
the property entered or of the property taken was not proven,
the right of the defendant to take the articles was not ques-
tioned, and that no wrongful intent was shown.

An examination of the bill of exceptions discloses the fact

that the bill does not purport to state all the evidence. So far as applicable to the questions involved in this appeal, it is as follows, viz.:—

"The opening statement was made by the district attorney, and witnesses were then sworn and examined on behalf of the people, and the people rested.

"Witnesses for the defendant were then sworn and examined and the defendant rested.

"Witnesses were then sworn and examined in rebuttal.

"Whereupon the testimony was closed.

"The testimony given during the trial included the following:—

"Joseph Catania testified as follows:—

"'Q. About what time in the morning was it when you heard this glass crack, you think?

"'A. It was just about exactly ten minutes to five.'

"The witness further testified that not more than two or three minutes after he saw the defendant put a wire through the window, pull out articles and hand them to another man.

"George C. Douglass, the police officer who arrested the defendant, testified that it was about twenty-five minutes past five when Catania ran up to him and told him about the burglary.

"When the testimony was all in the cause was argued and submitted by the respective counsel."

The copy of the minutes of the trial contained in the judgment-roll shows that three witnesses were sworn and examined on behalf of the people, twelve witnesses on behalf of the defendant, and five witnesses for the people, in rebuttal.

It is apparent that there was no attempt to state in the bill of exceptions the evidence given upon the trial, and that the only object of inserting the particular portion set out was to point out some particular error relied on, and claimed to be an error *by reason of that particular testimony.* A bill of exceptions must contain so much of the evidence only as is necessary to present the questions of law upon which the exceptions were taken (Pen. Code, sec. 1175), and *where it is made to appear affirmatively* that only a portion of the material evidence is included, and that there has been no attempt to state anything about the nature of the omitted evidence or its effect, it is clear that the portion inserted is

so inserted for another purpose than that of supporting the claim that the verdict is contrary to the evidence in some other respect than that as to which the inserted evidence is applicable.

It will be observed that the inserted evidence is directed solely to the question of time, the substance thereof being that it was not later than a few minutes after five o'clock A. M. when the burglary was committed. It may well be that, under the authorities, it will be presumed that the inserted evidence was all the evidence introduced on the question as to the time of the commission of the offense, and, therefore, as to whether the burglary was of the first or second degree. The crime being alleged to have been committed on the fourteenth day of February, 1902, this evidence showed a burglary committed between sunset and sunrise, which was a burglary of the first degree, while the verdict was that the defendant was guilty of burglary of the second degree only. The only claim really presented by this bill of exceptions is, that by reason of the fact that all of the evidence given upon the question of time showed that the defendant was guilty of the more serious offense of burglary of the first degree, instead of the lesser offense of burglary of the second degree, of which he was convicted, the verdict was ''contrary to law or evidence.'' It is well settled that a defendant cannot complain where the determination of his case was more favorable to him than the evidence warranted (*People* v. *Muhlner,* 115 Cal. 303, and cases there cited), but we can conceive of no other reason for the statement that the evidence given included the portion inserted as to time, than the desire to present on this appeal the question as to whether the evidence as to time was such as to render the verdict contrary to the evidence. We adhere to the rule declared in *People* v. *Muhlner,* 115 Cal. 303, and other cases, and can therefore see no reason why the fact that the evidence as to time was as stated in the bill of exceptions, renders the verdict contrary to the evidence.

The claim of defendant's counsel now appears to be, that where a defendant has specified as one of the grounds of his motion for a new trial that the verdict is contrary to the evidence, without specifying either in his motion or in his bill of exceptions the particulars wherein the evidence is claimed to be insufficient, this not being necessary in criminal cases, it will

be conclusively presumed on appeal that the bill of exceptions contains the substance of the evidence as to *every fact put in issue by the information or indictment and the plea of not guilty,* unless it be stated that facts concerning which no evidence is inserted were proven, or that evidence was introduced tending to prove them.

The true rule does not, we are satisfied, go to the extent claimed by counsel. Where the trial court denies the motion of a defendant for a new trial, it devolves on him, if he wishes to have the action of the court reviewed on appeal, to present the draft of a bill of exceptions purporting, at least, to contain a fair statement of the evidence material to the determination of the questions desired to be determined on appeal. Although he may have specified in his motion insufficiency of the evidence as one of his grounds for a new trial, there is no law requiring him to further press this ground on appeal after the ruling against him by the trial court, and in the great majority of cases it would be useless to so do, in view of the well-settled rule that the appellate court will not disturb the action of the trial court as to matters concerning which there was simply a conflict of evidence. If, therefore, notwithstanding the statement of that ground in his motion, he should after the denial of his motion present a bill of exceptions containing absolutely no evidence, and the bill of exceptions presented to the appellate court contained no evidence or any reference thereto, except a statement that witnesses were sworn and examined, there would be no presumption that there was in fact no evidence given on the trial. The presumption would rather be, that the defendant had abandoned this particular ground for a new trial, and that all reference to the evidence had therefore been intentionally omitted. The presumptions are all in favor of the correctness of the action of the trial court, and it is not to be presumed that such court has refused to allow the insertion of such evidence as the defendant may have desired, so far as the same is necessary to the determination of any question sought to be presented on the appeal. It would not be incumbent on the district attorney in such a case to propose amendments in order to make the bill show the evidence. It is not for him to prepare a bill of exceptions for the defendant. His duty is confined to proposing such amendments *in regard to the mat-*

*ters set forth in the bill* as will make the bill show the truth *as to those matters.*

And so when the bill proposed by the defendant *in terms purports* to give the evidence as to only one matter or issue out of many, and is expressly confined to that purpose, as we think it is in the case at bar, there can be no presumption arising from the absence from the bill of evidence on the other issues that there was in fact no evidence thereon. In such a case the presumption is only as to the completeness of the record as to the evidence upon the particular matter to which, by its terms, the bill is limited.

If, on the other hand, the proposed bill can be said to fairly purport to give the substance of the evidence in the case, or to state what the same tended to show, the matter of the insufficiency of the evidence to sustain the verdict is presented, and the district attorney must see that the bill truly presents the actual condition as to the evidence on all the issues, for under the authorities it will be presumed on appeal that the bill of exceptions does contain all the evidence, even though there be no statement therein to the effect that no other evidence was given. The true rule, we are satisfied, goes no fur-ther than this. In this state it is not essential that the bill should in terms state that the evidence contained therein was all the evidence given. It is enough to raise the presumption that it does contain all the evidence that the bill on its face fairly purports to state the evidence or its effect. But there can be no good reason for a rule establishing a conclusive presumption to the effect that a bill of exceptions does contain all the evidence in a case simply because insufficiency of evidence was one of the grounds specified in the motion for a new trial, where the bill affirmatively shows that the fact is otherwise, and that it does not contain all the evidence, and the rule invoked by defendant's counsel has never been held to include such a case. All that was said in the three cases principally relied upon by defendant was said with reference to cases very different from this, and the language used therein by this court must be read in connection with the facts of those cases. In *People* v. *Fisher*, 51 Cal. 319, it fully appears from the opinion that the bill of exceptions did purport to contain the evidence, for it stated that the several witnesses testified in substance as therein stated. There was nothing in

the bill from which it could be reasonably inferred that there was other evidence. It was in reply to the contention of the attorney-general that, in the absence of an affirmative statement that there was no other evidence, it must be presumed, in accordance with the rule that formerly prevailed in several states, that there was such evidence sufficient to support the verdict, that the opinion of the court was directed, and the language there used cannot be held applicable to a case where the bill affirmatively shows that it does not state all the evidence or the effect thereof.

In *People* v. *Buckley,* 116 Cal. 146, the record shows that the bill did purport to give the substance of the testimony of each witness, and the statement of evidence constituted over seventy-five pages of the transcript, ending with the words, "This closed the testimony."

In *People* v. *Griffith,* 122 Cal. 214, over fifty pages of the transcript consisted of evidence, and it was stated at the end that "This was all the evidence."

These cases bear no analogy to the case at bar. This is a case where the record shows affirmatively that there was evidence, presumably material, that is not contained in the bill, and in support of the action of the trial court it must further be presumed that such evidence so omitted was sufficient to sustain the verdict of the jury. The mere fact that the evidence as to the time of the commission of the offense was as stated in the bill, which is under our views the only point made by the insertion of the portion of the evidence contained therein, would not warrant the granting of a new trial.

The judgment and order are affirmed.

Shaw, J., McFarland, J., and Van Dyke, J., concurred.

### DISSENTING OPINION.

### (Filed October 20, 1904.)

BEATTY, C. J.—I dissent. Aside from the special importance of this appeal to the defendant, the case is of general importance on account of the question of practice which it involves—a question destined apparently never to reach a definite settlement in this court. There is no doubt that a defendant in a criminal case who has moved for a new trial on the ground that the verdict is contrary to the evidence is

entitled to a reversal of the order denying his motion when it
appears by the record on appeal that there was a total failure
of proof as to any material allegation of the indictment or
information. But there has long been a question as to the
method by which the record in such case can be made to show
the failure of proof. In civil cases a party moving for a new
trial on the ground that the verdict or other decision is con-
trary to the evidence (except when he moves on the minutes
of the court) must prepare a statement or bill of exceptions
as a foundation for the motion, and must specify therein the
particular findings, or, in case of a general verdict, the par-
ticular issues, as to which he claims that the decision is con-
trary to the evidence. If he neglects to make such specifica-
tion, his motion as to this ground fails; but if he makes a
sufficient specification, it devolves upon the party resisting
the motion to see to it that the proposed statement or bill of
exceptions is, if necessary, so amended before settlement as
fairly to show all the evidence in support of the finding or
verdict. And on appeal the presumption is, that there was no
evidence given at the trial upon the controverted issues, ex-
cept that which is contained in the settled statement or bill
of exceptions. The propriety, convenience, and economy of
this rule in civil cases is universally recognized, and there is
no reason why the same rule should not obtain in criminal
cases so far as it can be made applicable in view of the differ-
ent order of procedure prescribed in moving for a new trial.
In civil cases the motion is made after judgment; in criminal
cases it must be made before judgment and without any set-
tled statement or bill of exceptions, so that the only specifi-
cation of particular allegations respecting which it is claimed
that the proof has failed are such as counsel may make in the
course of his oral argument. It would have been a wise pro-
vision if the statute had required the defendant in proposing
a bill of exceptions to the order denying his motion to specify
the particular allegation or allegations of the indictment or
information which he claimed to be unsupported by the evi-
dence; for then the district attorney would have had the same
guide in proposing amendments to the bill that the resisting
party has in civil cases, and the justice and propriety of
applying to the settled bill the same presumption that at-
taches in civil cases would have been unquestioned. But,

unfortunately, no such provision has ever been made, and since the verdict may be attacked in this court upon any ground the defendant may select, it devolves upon the district attorney, according to one line of decisions, to see that the proposed bill is, if necessary, so amended as to contain some evidence, if evidence there was, sufficient to support the verdict upon every material issue. These decisions, it will be seen, bring the practice into close analogy with the practice in civil cases, and are founded upon the doctrine that when the motion for a new trial is based upon an alleged failure of the evidence, the presumption here is, and ought to be, that if the settled bill of exceptions contains no evidence tending to prove a material allegation of the indictment, then that there was no such evidence. The principle of these decisions is the same that in the law of evidence imposes the burden of proof upon the party holding the affirmative of the issue. Another line of decisions reverses this principle in its application to this particular matter of procedure, and imposes upon the defendant the task of demonstrating by the record the negative proposition that there was no evidence to support one or more of the material allegations of the indictment or information, and is based upon the doctrine that in this court the presumption is, and ought to be, that there was abundant evidence given at the trial to support the verdict, although none is contained in the record, unless it is affirmatively shown by the bill of exceptions that it contains all the evidence.

It may be conceded that the language of the statute affords as much support to either of these conflicting lines of decision as it does to the other, and it may also be true that either rule, if consistently maintained, would protect the rights of defendants. But when counsel, in reliance upon recent and deliberate decisions of the court reviewing and commenting upon previous and conflicting decisions, has brought himself within the protection of the rule first above stated, we are not justified in denying his appeal upon the ground that the bill of exceptions does not respond to the test which we have discarded.

It is not, however, on account of the particular injustice which in my opinion this defendant has suffered in consequence of the changed views of the court, that I feel compelled to give full expression to the reasons for my dissent.

The more important consideration, as regards the public, is, that in a mere matter of procedure, where a rule once established should be adhered to unless its enforcement is found to involve grave inconvenience, we are by this decision discarding a plain, simple, and convenient rule, and substituting in its place one difficult of comprehension, more difficult of application, productive of increased trouble and delay in the disposition of criminal causes, and of increased expense to the counties of the state. For what is the test now prescribed for determining whether there was a failure of evidence as to a material allegation of the charge? "It is not essential," the court say, "that the bill should in terms state that the evidence contained therein was all the evidence given. It is enough to raise the presumption that it does contain all the evidence that the bill on its face fairly purports to state the evidence or its effect." This, then, is the test of sufficiency for future cases. The old rule which required the bill to show expressly that it contained all the evidence—a rule which at least had the merit of simplicity and certainty—is abandoned, and in its place is substituted the requirement that the bill must on its face *fairly purport* to state the evidence or its effect. But when will a bill fairly purport to state the evidence or its effect? The criterion proposed is as uncertain as the length of the chancellor's thumb, and if a bill stops short of an explicit statement that it contains all the material evidence, there will be varying opinions, according to the composition of the court, as to what it fairly purports to contain. Some way or other, however, the bill must be such as to induce the presumption that *it contains all the evidence,* and since counsel generally prefer to leave nothing to chance that can easily be made secure, the practice hereafter will be to put in all the evidence, in order to insure the insertion at the end of the bill of the old formula, "The foregoing was all the material evidence introduced at the trial," or some statement equally explicit. In short, we shall have fallen back into the old rut from which an adherence to the decision in *People* v. *Fisher*, 51 Cal. 319, would have extricated us, and we shall have hereafter the same inordinately bulky records that have afflicted the court for so many years, with all their attendant inconvenience to the parties and expense to the counties of the state for copying, printing, etc.,

and the consequent delay in bringing up the record for review.

And what is the reason to be gathered from the opinion of the court for this abandonment of a plain and simple rule, based upon a reasonable presumption, in favor of a rule so vague and uncertain, and necessarily involving the mischievous consequences which years of experience have taught us are entailed by a practice based upon the opposite presumption?

Partly, it would seem, the present opinion of the court, like the opinion in Department, is based upon the assumption that the bill of exceptions as it appears in the record before us is purely the work of defendant's counsel. It is spoken of as his bill, and its assumed deficiencies—attributed in the Department opinion to an attempt on his part to throw upon the district attorney the labor of putting into the bill the evidence which it was his duty to have set forth in the draft as proposed by him—are now accounted for on the supposition (unwarranted, I think) that it was prepared for the sole purpose of presenting a point which counsel have never made,—the point, that is to say, that a conviction of burglary in the second degree cannot be upheld in view of testimony showing that it was committed between sunset and sunrise.

It ought not to be necessary to call attention to the fact that a settled bill of exceptions is the result of the joint efforts of counsel for defendant, the district attorney, and the trial judge. It may contain no part of the bill as proposed by the defendant,—it may contain more or less than the defendant's draft. It is not what he states, but what the court states, to have been the evidence bearing upon the several exceptions reserved.

But conceding that it may have been the intention of counsel to urge in this court the absurdly untenable proposition with reference to which the court supposes the bill was framed, it still does not follow that it was the only point upon which he was relying for a reversal. On the contrary, the district attorney and the trial judge were plainly informed by the only means known to the law that he was also relying upon the point that the verdict was contrary to the evidence, and if he wholly failed to set out any of the evidence which tended to support the verdict he was clearly within his rights

in omitting to do so, according to the very latest decisions of this court bearing upon the point.

In *People* v. *Fisher,* 51 Cal. 319, in which the court considered and construed the provisions of the Penal Code relative to the settlement of bills of exceptions, the ground of the decision was thus stated: "The presumption in this court is that there was no evidence introduced in support of a fact in issue, unless the bill of exceptions contains the substance of the evidence introduced to prove the fact, or states that the fact was proven, or that evidence was introduced tending to prove it." And the rule based upon this statement of the presumption attaching to bills of exceptions, was laid down in accordance with its principle,—the principle, that is to say, which in the law of evidence imposes the burden of proof upon the party holding the affirmative of the issue. In conformity to this principle it was declared to be the duty of the district attorney, when the ground, or one of the grounds, of the motion for a new trial was insufficiency of the evidence, to have a statement inserted in the bill of exceptions that the facts as to which there was no controversy were proven, with the substance of the evidence as to the controverted facts,— or sufficient of the evidence to establish them *prima facie,* which is all that is necessary in a criminal case to prevent a reversal in this court. And the opinion of the court pointed out how easily, and in what little space, a perfect case for the people could be put into the record if the case had in fact been proved. The opinion of the court recognized the fact— familiar to all—that the controversy in regard to the sufficiency of the evidence is usually confined to some one or two facts,—the venue, for instance,—and that as to other facts it is sufficient to state in three words that they were proven, while as to the controverted facts it properly devolves upon the district attorney to have inserted in the bill enough of his evidence to sustain the verdict. It was plain, also, that the practice thus enjoined, if conformed to, would not only shorten the statement of the evidence and lessen the expense of copying and printing, but would lighten the task of the district attorney and the trial judge, as well as the counsel for the defendant. This wise and commendable decision was followed in *People* v. *English,* 52 Cal. 211, and then it appears to have been forgotten. A new court came in with the

new constitution, and *People* v. *Fisher* and *People* v. *English,* without citation or reference, were silently overruled by a reversion to the old rule as stated in *People* v. *Williams,* 45 Cal. 25, and quoted in the Department opinion in this case. (See *People* v. *Leong Sing,* 77 Cal. 117; *People* v. *Carroll,* 80 Cal. 153; *People* v. *Tonielli,* 81 Cal. 279.) But when the attention of the present court was again called to the Fisher and English cases, and to the manifest advantages of the rule of practice which they enjoined, we gave them our unequivocal indorsement. (See *People* v. *Buckley,* 116 Cal. 146, and *People* v. *Griffith,* 122 Cal. 214.) An attempt is made in the opinion of the court to distinguish these cases by arguing that the bills of exceptions, as contained in the several records, covered a large number of pages, and fairly purported to contain all the evidence. But this ignores the principle of those decisions. If they had been based upon the doctrine here asserted, that the bill must demonstrate that there was no evidence given at the trial to prove the material allegations of the charge, it would have been necessary for the court to dispose of the contention of the attorney-general that the record did not purport fairly, or otherwise, to contain all the evidence. It will be seen, however, by reference to the several opinions, that they put this argument aside as having no bearing upon a conclusion founded solely upon the doctrine that, when the ground of the motion for a new trial is failure of proof, it is the duty of the district attorney to make the record show that he proved his case, if in truth he did prove it. The difference between the record in this case and the records in the Fisher, English, Buckley, and Griffith cases does not therefore constitute a ground of distinction. They were decided upon a principle which had no regard to this supposed difference—a principle utterly inconsistent with the present decision, which affirms a conviction upon a record which admittedly contains no evidence to sustain the material allegations of the charge.

It remains only to notice the point so strongly insisted upon in the Department opinion, and restated in the present opinion of the court, that the defendant cannot be allowed in cases like this to shirk the duty of setting forth in his draft of the proposed bill the substance of the evidence given at the trial, and thereby impose upon the district attorney the burden of

preparing a bill for him. This ground of the decision totally ignores what is so clearly shown in the opinion of the court in *People* v. *Fisher,* 51 Cal. 319, that the task thus imposed upon the district attorney is the lightest possible. There is in fact no course that the defendant could possibly pursue which would impose so little labor on the district attorney and trial judge in a case of this character as to propose a bill of exceptions containing not one word of the evidence given at the trial. It would save them the reading and comparing and correcting of the long and redundant statement to which we are accustomed,—requiring hours of their time and attention,—and impose upon them the comparatively trivial task of drafting an amendment which could easily, in any ordinary case, be compressed into a single page of manuscript in five minutes' time. Take the present case as an illustration, and suppose the defendant's draft of the bill to have been as meager as the settled bill in the record. It could have been read through almost at a glance, and if in truth the charge was proved, as alleged in the information, an amendment in the following words would have made an invulnerable case: George H. Kahn, a witness for the people, testified: On the 13th and 14th of February last I was the proprietor of the store known as 201 Kearny Street, in the city and county of San Francisco, and owned the articles in the show-window. During the night of February 13th-14th that show-window was broken and various articles stolen therefrom (describing them). Joseph Catania, a witness for the people, testified: On the morning of February 14, 1902, I was standing near the show-window of the store at 201 Kearny Street in this city, and at about five o'clock heard the glass crack. A minute or two later I saw this defendant put in a wire, abstract several articles, and hand them to another man. The two then ran away. Compare the labor of the district attorney in preparing this amendment and of the judge in acting upon it with the task that would have been imposed upon them if the course enjoined upon counsel for defendant by the opinion of the court had been pursued,—if, in other words, the substance of the testimony of the twenty witnesses shown by the minutes of the court to have testified at the trial had been fully or substantially set forth in the proposed bill. And compare the size of the record as so

amended with what it would have probably been if all the evidence had been brought up. Compare it, for example, with the record in the recently decided case of Docia Nolan, a common instance, in which one hundred and fifteen pages of the printed record are devoted to the cross-examination of a single witness,—a cross-examination full of repetitions, and which for every practical or useful purpose might have been so condensed as to cover five pages at the outside. And it is to be remembered that every unnecessary page allowed to go into a bill of exceptions costs the county a dollar for printing, for no purpose except to cumber the record and delay the hearing. It may be that this defendant was shown to be guilty, and that a reversal of the judgment on this appeal would have enabled him to escape deserved punishment, but an affirmance of the judgment in his case is dearly purchased at the cost of unsettling a rule of practice which experience has demonstrated to be as useful and convenient and economical as it is simple and definite.

Henshaw, J., and Lorigan, J., concurred in the dissenting opinion.

SUPPLEMENTAL OPINION.

(Filed October 20, 1904.)

ANGELLOTTI, J.—The dissenting opinion in this case having been prepared some time after the filing of the majority opinion, it would seem proper to notice briefly one or two suggestions made thereby. It may be freely admitted that it is most important, as regards the public, that in a matter of procedure a rule once established should be adhered to. It was attempted to be shown in the majority opinion that it has never been held that a presumption to the effect that a bill of exceptions contains all the evidence will obtain, where there is an affirmative showing on the face of the bill that it does *not* contain all the evidence or any statement of the substance thereof. The cases cited both in the majority and dissenting opinions were all cases where there was nothing upon the face of the bill to indicate that it was not a complete statement as to the effect of all the evidence given on the trial, and the presumption that it was a complete statement, therefore, existed. Whatever was said by the court in those cases was said with reference to the facts then

before the court. If, however, the bill itself affirmatively shows the fact to be that it does not contain a statement as to the effect of all the material evidence, there can be no reason why the appellate court should declare, in the face of the affirmative statement to the contrary, that it must be held that there was no other evidence. We can hardly believe that if the bill in this case had declared "there was other evidence given on the trial material to the issues involved" it would have been asserted by any one that a presumption to the contrary would still have obtained, and yet such bill in effect does so state.

Nor is there anything uncertain in the rule laid down in the majority opinion to the effect that it is essential to the existence of the presumption invoked that the bill should on its face fairly purport to state the evidence or its effect. What is meant by the expression "fairly purport to state the evidence or its effect" is amply illustrated by the record in the cases relied upon in the dissenting opinion. If there is apparent any attempt to state the effect of *the* evidence given on the trial,—that is, all the evidence,—it must be held that the bill fairly purports to state all the evidence, and the presumption will obtain; but where, by its terms, the bill is limited to the statement of only a portion of the material evidence, as here, where it simply states that "testimony given during the trial included the following," it cannot be said that the bill "fairly purports" to give all the evidence or its effect.

Nor can we see any force in the suggestion that the decision in this case will result in increasing the size of transcripts on appeal. Experience has demonstrated that some attorneys always insist upon unnecessarily long and elaborate bills of exceptions. This has been the fact at all times and whatever the rule of practice governing bills of exceptions. The record in the Docia Nolan case, referred to in the dissenting opinion, is but a sample of the record in many cases brought to this court while the rule contended for by the dissenting opinion must, if ever, have been in force, and what is said regarding that case shows that the supposed rule did not operate to prevent unwieldy records on appeal.

It has never been necessary, and it will not be necessary under the decision in this case, for a defendant, desiring to

CXLV. Cal.—6

present the contention of insufficiency of the evidence, to state all the evidence word for word as it fell from the mouths of witnesses. As to those matters concerning which there is no dispute, the briefest statement as to the effect of the evidence will be, as is well shown by the dissenting opinion, all that is requisite; and as to the one or two matters concerning which the dispute exists, the statement should be sufficiently elaborate to show the facts. This has always been, and will continue to be, the rule. It is the duty of the judge settling the bill to strike therefrom all unnecessary matter, and to see that it is no more lengthy than the necessities of the case require, and we know of no other remedy in those cases where attorneys persist in proposing for insertion matters unnecessary to a determination of the questions desired to be presented on the appeal.

Shaw, J., McFarland, J., and Van Dyke, J., concurred in the supplementary opinion.