[Crim. No. 1389.　Second Appellate District, Division Two.—January 10, 1927.]

## THE PEOPLE, Respondent, v. BODIE BLACK et al., Appellants.

[1] CRIMINAL LAW—BURGLARY—JOINT TRIAL—CONVICTIONS OF BURGLARY OF DIFFERENT DEGREES.—A defendant, who was convicted of burglary in the first degree after being jointly tried with another, cannot complain merely because his co-defendant was convicted of burglary in the second degree.

[2] ID.—CONVICTION OF BURGLARY OF THE FIRST DEGREE—SUFFICIENCY OF EVIDENCE.—In this prosecution of two defendants for burglary, in which one defendant was convicted of burglary in the first degree, and the other defendant was convicted of burglary in the second degree, the evidence was sufficient to sustain the judgment of conviction of first degree burglary.

[3] ID.—CONVICTION OF LESSER OFFENSE—ABSENCE OF RIGHT TO COMPLAIN—VERDICT—EVIDENCE.—In such prosecution, the evidence was sufficient to sustain the verdict against one of the defendants of second degree burglary; and such defendant cannot complain that she was convicted of an offense less than that justified by the evidence.

---

(1) 17 C. J., p. 208, n. 79, p. 357, n. 29.　(2) 9 C. J., p. 1076, n. 17; 17 C. J., p. 356, n. 25.　(3) 9 C. J., p. 1076, n. 18.

APPEALS from judgments of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

John F. Hyland for Appellant Black.

Hal R. Clark for Appellant Welch.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner I. Paul for Respondent.

THOMPSON, J.—The defendants were charged and jointly tried upon a charge of burglary. The jury returned a verdict of guilty of burglary in the first degree against

---

3.　See 8 Cal. Jur. 563.

the defendant Bodie Black, and a verdict of guilty of bur-
glary in the second degree against the defendant Blanche
Welch. From the judgments pronounced upon the verdicts
the defendants prosecute this appeal.

The facts as disclosed by the testimony are as follows:
Mrs. Caldwell, whose home was entered during her absence,
returned at about 12:10 A. M. on the morning of January
27, 1926, in company with a friend named Brown. Upon
arriving at the steps to the front porch they found an up-
holstered chair and victrola records, and upon entering the
house discovered that rugs, lamps, bric-a-brac, console, gas
stove, clothes, shoes, and other furniture and personal effects
had been taken from the house; that the glass in the rear
door. had been broken in, a key which had been tied to
another key with a ring had been turned in the door and were
then missing, which keys were subsequently found by the
officers in the hip pocket of the defendant Black. Prior to
the discovery of the chair and victrola records and upon
approaching Mrs. Caldwell's home she and Mr. Brown saw a
Buick automobile standing in a ravine near the house and a
man standing near it who put his hand in his pocket and
yelled, "Don't come near me, don't come near me!" Both
Mrs. Caldwell and Mr. Brown identified this man as the
defendant Bodie Black. The automobile belonged to the
defendant Welch, and in it were found a coat, cloak, and
vanity case belonging to her. In it also were found several
of the articles removed from Mrs. Caldwell's home. The
defendant Bodie Black was seen depositing dishes taken
from the Caldwell home in the back yard of the Welch
home and the remainder of the property taken from the
house was found in what was described as a vacant house
about seventy-five feet from the Welch house, accessible
thereto through the back yard of the Welch place. There
is a statement in the transcript that the property was found
in the automobile, the vacant house, back yard, and Mrs.
Welch's parlor. Bodie Black and Mrs. Welch were seen to
pass in front of an adjoining house about 12:30 on the
morning of the burglary and later were heard to hold a
conversation in the rear of the residence of the defendant
Mrs. Welch, in which Bodie Black stated to her, "Don't
worry, I have got it all planted, they will have nothing on
us." Both defendants took the stand in their own behalf

and endeavored to explain their late hours and the presence of the personal effects of Mrs. Welch in the automobile by saying that they had been to a cafe that night drinking heavily, and did not remember what had occurred after their arrival home, except that Blanche Welch had to be assisted from the automobile, and also the defendant Bodie Black says that he remembers that he was awakened by Bob Welch, the husband of the defendant Welch, asking him to carry the dishes in. Contradictory statements, however, made by the defendant Blanche Welch were introduced, in which she said that she went up to the house that was robbed, saw what was going on, got out of the car and went home. This statement was made to two witnesses on different occasions. The defendant Black was a sort of handy man employed by Mrs. Welch in the operation of a "chili house," where she lived. The arresting officers, who arrived between twenty and thirty minutes after Mrs. Caldwell reached home and saw both defendants shortly thereafter, saw nothing to indicate that defendants were seriously intoxicated.

The appellant Bodie Black complains of his conviction on two grounds, first, that the defendant Blanche Welch was only convicted of burglary in the second degree, while he was convicted of burglary in the first degree. The appellant Blanche Welch complains of the verdict because there having been no testimony that Bodie Black was armed with a deadly weapon or that he assaulted any person, she could not have been convicted of burglary in the second degree while he was convicted of burglary in the first degree, and also joins with her co-defendant in complaining that the evidence is insufficient to justify the verdict.

In so far as the appeal by the defendant Bodie Black is concerned, it is without merit. In effect, it is solely that the evidence does not justify the verdict. [1] He cannot complain because a co-defendant was found guilty of a lesser offense. [2] The bare recital of the testimony is sufficient to show that the jury could not possibly have done anything except to return a verdict of guilty as against him. The dwelling was entered in the night-time; the defendant was identified; he had the property taken therefrom in his possession; the keys which were left in the door were found

in his possession.   These things would be sufficient to justify the verdict without the other testimony.

In so far as the appeal by the defendant Blanche Welch is concerned, there is more of a question.   **[3]**   She cannot, however, be heard to complain that she was convicted of an offense less than that justified by the evidence.   In other words, if the evidence justified a conviction of burglary in the first degree, she cannot complain that she was convicted of burglary in the second degree.   There are many cases to this effect.   It is sufficient to cite *People* v. *Coulter,* 145 Cal. 66 [78 Pac. 348] , *People* v. *Cramley,* 23 Cal. App. 340 [138 Pac. 123] , *People* v. *Tugwell,* 32 Cal. App. 520 [163 Pac. 508], *People* v. *Maroney,* 109 Cal. 277 [41 Pac. 1097], and *People* v. *Lowen,* 109 Cal. 381 [42 Pac. 32].   The last two were cases where the defendant was convicted of burglary in the second degree.   We are therefore confronted only by the claim that the evidence is insufficient to justify the verdict.   In our opinion there is sufficient testimony to justify the jury in returning its verdict.   Were it not for the admission made by the appellant Welch that she had been to the house and the positive identification of her voice in her own back yard talking to Bodie Black in which Bodie Black said, ''Don't worry, I have got it all planted, they will have nothing on us,'' the case against her would be more doubtful.   However, the admissions made by her, the conversation held by her with Bodie Black, the evidence establishing the ownership of the automobile, the ownership of the personal effects in the car, the dishes found in the back yard, the fact that Bodie Black was a handy man for her in the operation of the ''chili house,'' and the fact that she was up and around at that time of the night, not under the influence of liquor so far as the officers could observe, is amply sufficient to establish her connection with the burglary.

The judgments appealed from are affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 8, 1927.