[Crim. No. 1637. First Appellate District, Division Two.—November 18, 1931.]

THE PEOPLE, Respondent, v. LUCIEN LATOURELL, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with the commission of the crime of burglary on August 10, 1930, in San Francisco. The defendant was arrested, he pleaded not guilty, and thereafter he was tried and convicted. By its verdict the jury fixed the degree as the second degree. From the judgment entered on the verdict the defendant has appealed.

He makes one point. He claims there was no evidence that the act was committed in the daytime and therefore there was a failure of proof on that element of the offense and that the defendant should have been acquitted. In this connection it is his contention that burglary of the first degree and burglary of the second degree are separate and distinct offenses and that the latter is not included in the

former. The manner of presentation may be new, but, in substance, the point has been made and ruled against the contention of the defendant (*People* v. *Barnhart,* 59 Cal. 381; *People* v. *Maroney,* 109 Cal. 277 [41 Pac. 1097]; *People* v. *Lowen,* 109 Cal. 381 [42 Pac. 32]; *People* v. *Black,* 80 Cal. App. 605 [251 Pac. 321]). *People* v. *Barnhart,* 59 Cal. 381, is a full treatment of the subject. Among other things it is there said: "But it is a sufficient answer to the objection taken on behalf of the defendant, to say that he is not prejudiced by the error complained of. . . . (Sec. 1404, Pen. Code.)" However, this defendant asserts that it is not "a sufficient answer". He says such a verdict rests on no evidence, that it stands on no better footing than if he were charged with burglarizing a house in San Francisco and convicted of burglarizing a house in San Mateo. He cites *People* v. *Maroney,* 109 Cal. 277, and quotes from page 279 [41 Pac. 1097]. The degree of the offense was not being discussed by the court, but it was discussing whether the entry was shown to be by consent of the owner or was it felonious. It may be conceded for the purposes of this opinion that second degree burglary is not contained within the bounds of first degree burglary. But it must also be conceded that both were included within the information. Not until all the evidence was introduced could the jury determine whether the offense was of the first or of the second degree. When, as here, the defendant receives a verdict more favorable to himself than the facts warrant he may not complain (17 C. J. 362). In the instant case the evidence would have warranted a verdict finding the offense to be the first degree. Moreover, there was the evidence of two witnesses that on the date alleged the defendant feloniously entered the premises alleged. If the jury, under these circumstances, found the degree to be second when it should have found it to be first this court may not reverse the judgment. That a crime was committed is clear. It follows that in no proper sense can it be said there was a "miscarriage of justice," and, therefore, the judgment may not be reversed.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 3, 1931, and an

application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 17, 1931.