[Crim. No. 2465. Second Appellate District, Division Two.—April 17, 1934.]

THE PEOPLE, Respondent, v. NICHOLAS GEBBIA et al., Defendants; LOUIS ROBLES, Appellant.

Joe H. Kirby and Patrick F. Kirby for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.* — Defendant appeals from a judgment of conviction of the crime of manslaughter and order denying his motion for new trial, after trial by jury upon an information filed by the district attorney of Los Angeles County charging him with the crime of murder.

Appellant bases his argument for a reversal of the judgment upon the general assertion ''that the verdict is without support in the evidence'', and certain specified errors alleged to have been committed by the court in the giving of certain instructions, and also in the refusal to give certain instructions requested by defendant.

█ Appellant does not contend that the evidence fails to support the prosecution's claim that deceased came to his death as a result of revolver shots fired by him, but urges that if the story as told by the eye-witnesses for the prosecution is to be accepted, he should have been found guilty of murder instead of manslaughter. The evidence might well have supported a verdict of guilty of murder, had the jury so found. This fact, however, did not deprive the jury of its right to take into consideration the evidence that all of the parties present in the cafe had been drinking, while several were in a quarrelsome mood, insulting and threatening one another. Defendant testified that he himself was drunk and did not remember much about the shooting.

It was within the power of the jury to give such weight as it deemed proper to these factors in determining to what extent if at all they operated as mitigating circumstances in the killing. (*People* v. *Muhlner*, 115 Cal. 304 [47 Pac. 128].) █ One found guilty of a lesser offense included

within a greater charged will not be heard to complain where the evidence would have justified a verdict of guilty of the greater offense. (*People* v. *Tugwell,* 32 Cal. App. 520 [163 Pac. 508]; *People* v. *Muhlner, supra; People* v. *Black,* 80 Cal. App. 605 [251 Pac. 321].) The record so clearly stamps the defendant as guilty of an unjustified homicide that no useful purpose would be served by a detailed recital of the evidence supporting the verdict.

As to the second ground urged for a reversal, errors of the court in giving and refusing instructions, we find no merit in this contention. The instruction on manslaughter, given as a part of the general instruction advising the jury as to the lesser offenses included within the greater charged, was given in the form that is generally used and has long had the approval of our courts. Cases cited by appellant in support of his contention that no instruction should have been given as to manslaughter are not in point, for the jury had a right to have this definition of all of the degrees of homicide, and, as already pointed out, there is evidence in the record that might have been considered as justifying their verdict of the lesser degree of homicide, to wit, manslaughter.

As to the instruction offered by defendant and refused by the court, relating to the matter of "accidental killing", there is nothing in the evidence to justify the theory that the shooting of deceased was accidental. So far as this theory may be involved in the element of self-defense, the right of self-defense was fully covered in other instructions.

We find no merit in the points raised by appellant in his argument for a reversal of the judgment.

Judgment affirmed and order denying motion for new trial affirmed.

Stephens, P. J., and Craig, J., concurred.