## THE PEOPLE v. FIGUEROA.

## APPEAL from the District Court of San Juan.

No. 230.—Decided May 23, 1910.

CRIMINAL LAW—VOLUNTARY MANSLAUGHTER—PROVOCATION AND HEAT OF PAS-
SION.—Although no direct evidence was introduced to show that kind of
provocation which must ordinarily exist to cause the state of mind or feel-
ing described as a heat of passion, yet it is questionable whether the judge
did not have a right to believe that there was such a heat of passion where
a policeman fires at fugitives fleeing from arrest and kills one of them.

ID.—INFORMATION CHARGING VOLUNTARY HOMICIDE—EVIDENCE OF MURDER IN THE
SECOND DEGREE.—Where the evidence points to murder in the second degree
rather than to voluntary manslaughter, the jury, under the facts, may have
believed the defendant guilty of the lesser crime.

ID.—CONVICTION OF A CRIME OF A LESSER DEGREE THAN THE ONE SHOWN BY THE
EVIDENCE TO HAVE BEEN COMMITTED—QUESTION RAISED FOR FIRST TIME ON
APPEAL.—It being the law that a man charged with the crime of murder
may be convicted of manslaughter, where the defendant is charged with man-
slaughter and the evidence points rather to murder in the second degree, he
cannot complain for the first time in the appellate court of his conviction of
the lesser crime.

ID.—CONVICTION OF LESSER CRIME—FAILURE TO MAKE OBJECTION IN THE TRIAL
COURT.—Where the evidence shows facts that at best tend to show a crime
of greater gravity than the one of which the defendant is convicted which
would prove the latter, and the defendant makes no objection in the court
below, the record shows no violation of any fundamental right of the ac-
cused.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

José J. Figueroa is the appellant in this case. He was
charged with having illegally in the heat of passion caused the
death of Gumersindo Cosme, wounding the latter with a shot.
The shooting took place sometime in May, 1908, at Toa Baja.

The only substantial ground urged for the reversal of the
judgment is that, although there may have been a shooting by
the appellant, there was no proof of his having committed the

crime charged in the information, namely, voluntary man-slaughter, because, it is alleged, there was no proof that he shot Gumersindo Cosme in the heat of passion.

There was proof at the trial tending to show that Secun-dino Berríos and José J. Figueroa, two officers of the insular police, went to surprise a house in which they suspected a gambling game was being conducted; that Berríos went to the front of the house and knocked at one of the doors and in reply to a question announced the presence of the police; that Figueroa went to the rear of the house; that upon hearing the announcement of the police, at least two of the men as-sembled inside fled by way of the kitchen to the open coun-try in the back; that Figueroa fired two or three shots at Marcelino Sánchez and Gumersindo Cosme, the fleeing men, wounding the latter twice who died of the wound to one side of his breast (*costado de pecho*).

The jury was carefully instructed. No question of the suf-ficiency of the evidence was raised in the court below and no exception taken to the charge, which pointed out to the jury-men very clearly that they might acquit, find guilty of volun-tary or involuntary manslaughter.

There is no evidence of any heat of passion on the part of the appellant. There is no direct evidence of that kind of provocation which ordinarily must exist to cause the state of mind or feeling described as the heat of passion . The jury, which found defendant guilty of voluntary manslaughter, may have possibly believed that the appellant, arriving a little too late to intercept the occupants of the house, and finding that the latter were not regarding the authority of the police but were fleeing, became thoroughly angry at the defiance of his authority and in the heat of passion fired at the two fugitives. There may be a question then, whether, although the evidence more clearly points to murder in the second degree, the jury may not have had a right to believe from the evidence that the appellant had killed Gumersindo Cosme in the heat of passion.

The jurisprudence of California is clear to the effect that where a man charged with a crime is convicted of a crime of less degree necessarily involved in the former, he cannot complain because the determination of his case was more favorable to him than the evidence warranted. (*People* v. *Muhlner,* 115 Cal., 306, and the cases there cited.)

In the case of *The People* v. *Izquierdo* (5 P. R. Rep., 224), Izquierdo was charged with murder in the second degree. The true ground of the affirmance was that there was no bill of exceptions. But the court examined the facts stated in the judgment certified, and held that such judgment would, nevertheless, have to be affirmed, because the evidence while supporting the charge, showed possibly a crime of greater degree.

Although the case at bar is not a case of a man charged with one crime and convicted of a crime of less degree, yet we do not think that the defendant, under the facts of the case at bar, should be heard in the appellate court to complain of the judgment. The evidence clearly shows facts which, if there had been a charge of murder in the second degree, would have warranted a jury in bringing a verdict of guilty of such crime. The defendant and appellant here sat by and made no objection to the instructions of the court and took no exceptions to any part of the charge. He did not ask for any instructions in regard to the matter of which he now complains for the first time in this court. The law changing this court from a court of cassation into a court of appeal provides:

"Section 1.—That the Supreme Court of Porto Rico shall here-after be a Court of Appeals and not a court of cassation. In its deliberations and decisions, in all cases, civil or criminal, said court shall not be confined to the errors in proceeding (procedure) or of law only, as they are pointed out, alleged or saved by the respective parties to the suit, or as set forth in their briefs and exceptions, but in

furtherance of justice, the court may also take cognizance of all the facts and proceedings in the case as they appear in the record, and likewise consider the merits thereof, so as to promote justice and right and to prevent injustice and delay." (Laws of 1903, p. 59.)

And section 1 of the Law of May 30, 1904, provides:

"Whenever it appears from the record in any criminal case upon appeal in the Supreme Court, that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed, unless the error appearing from the record was calculated to injure the rights of either of the parties, and was duly excepted to in the trial court: *Provided, however,* That the appellate court may take cognizance of fundamental errors, appearing in the record, although not excepted to, and render such judgment thereon as the facts and the law may require." (Laws of 1904 and 1905, p. 10.)

There was no error in the charge of the court as given. If he had asked the court below to acquit him, the court might then have been in a position either to admit additional testimony or to have ordered the *fiscal* to dismiss the case and file a prosecution for murder in the second degree. But appellant did none of these things.

As the evidence showed facts which at best tend to show the commission of a crime of greater gravity than the one of which he was convicted, no fundamental right of the appellant was violated and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras did not take part in the decision of this case.