PEOPLE, PLAINTIFF AND APPELLEE, v. Río, DEFENDANT AND
APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution
for Attempted Rape.

No. 1120.—Decided January 30, 1917.

ASSAULT—RAPE—DEFENSE.—The defendant was charged with assaulting a girl
of thirteen years of age with intent to commit rape. The evidence showed
that he consummated the crime of rape and the jury found the defendant
guilty of assault with intent to commit rape. The defendant did not duly
raise the question in the district court. *Held:* That in such circumstances
it cannot be successfully pleaded that the defendant was not given an oppor-
tunity to defend himself.

ID.—ID.—VERDICT.—The doctrine is well established that a defendant cannot
complain when the verdict is more favorable to him than it might have been
under the evidence.

ID.—CHARGE TO JURY—CRIMINAL INTENT.—The court commits no error in re-
ferring in detail to all the evidence for the prosecution showing the con-
summation of the crime of rape after it has instructed the jury that it must
not consider the consummation of said crime; for the evidence may be con-
sidered by the jury for the purpose of ascertaining the intention of the
accused, this being an essential element of the crime of assault with intent
to commit rape which was being submitted by the judge of the law to the
judges of the facts.

The facts are stated in the opinion.

*Mr. José D. Rodríguez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO· delivered the opinion of the court.

In the present case Basilio Río Montano was charged by
the *fiscal* with assault with intent to commit rape. The case
went to trial on a plea of not guilty, the jury found the de-
fendant guilty of the crime charged and the court sentenced
him to ten years in the penitentiary at hard labor, whereupon
he took this appeal.

The evidence for the prosecution showed the commission
of the crime of rape and the appellant complains that he was
prejudiced thereby in that he could not properly prepare
his defense.

We have examined the statement of the case and it does
not appear therein that the defendant duly raised that ques-

tion in the district court. Besides, there is nothing to show that he was deprived of any right. He was charged with having unlawfully, wilfully and maliciously assaulted a girl of thirteen years of age with the intent to rape her, having been prevented from realizing his intent by the interference of other persons. The evidence went even further. It showed that although the timely interference of other persons caused him to release his victim and flee, he had already violated her. The defendant was not convicted of rape. The jury simply returned a verdict finding him guilty of assault with intent to commit rape, as charged.

In these circumstances we are of the opinion that the defendant cannot successfully plead that he was not given the opportunity to defend himself which the law allows. He knew well from the first moment the nature of the offense with which he was charged and could have prepared his defense. He was charged with and convicted of a simple attempt to commit rape, instead of having been charged with and convicted of actual rape; and no prejudicial error was committed inasmuch as the doctrine is well established that a defendant cannot complain when the verdict is more favorable to him than it might have been under the evidence. See *People* v. *Muhlner,* 115 Cal. 303, 306, and cases cited; also, the decisions of this court in *People* v. *Izquierdo,* 5 P. R. R. 104, (2d ed.); *People* v. *Figueroa,* 16 P. R. R. 354, and *People* v. *Solares,* 19 P. R. R. 423.

Insisting on his theory, the appellant complains that although the judge charged the jury that it could not consider or pass upon the consummated crime of rape, he referred at length and in detail to all the evidence for the prosecution tending to show that said crime was committed. We do not consider that the district judge committed any error. He referred to all the evidence and all of it was entitled to consideration for the purpose of ascertaining the intent of the defendant, which is an essential element of the crime

which was being submitted by the judge of the law to the judges of the facts.

Finally, the appellant analyzes in his brief the evidence examined and maintains that it is not sufficient to support a verdict of guilty. We shall not transcribe the testimony of the witnesses, but shall state only that a careful examination of the same creates only one impression in our mind—that is, the guilt of the defendant.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.