EL PUEBLO, DEMANDANTE Y APELADO, *v.* RÍO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla, en causa por delito de ataque con intención de cometer violación.

No. 1120.—Resuelto en enero 30, 1917.

ATAQUE CON INTENCIÓN DE COMETER VIOLACIÓN — VIOLACIÓN — INCONGRUENCIA ENTRE EL VEREDICTO Y LA PRUEBA—FALTA DE OBJECIÓN.—Se imputó al acusado el haber atacado a una niña de trece años de edad, con la intención de violarla.   La prueba demostró la comisión de un delito consumado de violación.   El veredicto del jurado declaró al acusado culpable de ataque con intención de cometer violación.   El acusado no suscitó debidamente la cuestión en la corte de distrito.   *Se resolvió:* que bajo tales circunstancias, no puede alegarse con éxito que no se dió al acusado oportunidad de defenderse.

ID.—CONVICCIÓN POR DELITO INFERIOR AL DEMOSTRADO POR LA PRUEBA—RESOLUCIÓN FAVORABLE AL ACUSADO.—Es doctrina bien establecida que un acusado no puede quejarse cuando la resolución de su causa fué más favorable para él de lo que demostraron las pruebas.

ID.—INSTRUCCIONES AL JURADO—INTENCIÓN CRIMINAL.—Aun cuando el juez después de instruir al jurado que le está vedado deliberar sobre la consumación del delito de violación, se refiera extensa y detalladamente a toda la prueba de cargo demostrativa de dicha consumación, no comete error alguno, ya que dicha prueba podía considerarse por el jurado a los efectos de penetrar en la intención del acusado, elemento esencial del delito de ataque con intención de cometer violación que se estaba sometiendo por el juez de derecho a los jueces de hecho.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José D. Rodríguez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso en el cual el fiscal imputó a Basilio Río Montano la comisión de un delito de ataque con intención de cometer violación. El acusado alegó su inocencia, y celebrada la vista, el jurado le declaró culpable del delito que se le imputaba y la corte le impuso luego la pena de diez años de presidio con trabajos forzados. Basilio Río Montano interpuso entonces el presente recurso de apelación.

La prueba del fiscal demostró la comisión de un delito consumado de violación y el apelante se queja de que con ello fué perjudicado, pues no pudo preparar debidamente su defensa.

Hemos examinado la exposición del caso y en ella no aparece que el acusado suscitara debidamente tal cuestión en la corte de distrito. Además, nada demuestra que fuera perjudicado. Se le acusó de haber atacado ilegal, voluntaria y maliciosamente a una niña de trece años de edad con intención de violarla, no pudiendo realizar su intento por la intervención de otras personas. La prueba fué más lejos. Demostró que si bien la intervención inmediata de otras personas hizo que el acusado tuviera que huir separándose de su víctima, cuando huyó la había ya desflorado. El acusado no fué condenado por el delito de violación. En su veredicto, el jurado se limitó a declararlo culpable del delito de ataque con intención de cometer violación que se le imputara.

Bajo tales circunstancias, no creemos que el acusado pueda alegar con éxito que no se le dió la oportunidad que la ley ordena para defenderse. El supo perfectamente, desde el primer momento, cuál era la naturaleza del cargo que se le imputaba y pudo preparar su defensa. Se le acusó y condenó autor de una simple tentativa de violación, en vez de habérsele acusado y condenado como autor de un delito consumado de violación, no habiéndose cometido error perjudicial alguno, ya que está bien establecida la doctrina de que un acusado no puede quejarse cuando la resolución de su caso fué más

favorable para él de lo que demostraban las pruebas. Véase el caso de *People* v. *Muhlner,* 115 Cal. 303, 306, y los otros citados en el mismo, y también las decisiones de esta Corte Suprema en *El Pueblo* v. *Izquierdo,* 5 D. P. R. 224; *El Pueblo* v. *Figueroa,* 16 D. P. R. 373, y *El Pueblo* v. *Solares,* 19 D. P. R. 445.

Insistiendo en su teoría, se queja el apelante de que no obstante haberle dicho el juez en sus instrucciones al jurado que no podía entrar a considerar ni a deliberar sobre el delito consumado de violación, se refirió extensa y detalladamente a toda la prueba del fiscal demostrativa del delito consumado de violación. No creemos que el juez de distrito cometiera error alguno. Se refirió a toda la prueba y toda ella en efecto podía considerarse a los efectos de penetrar en la intención del acusado, elemento esencial en el delito que se estaba sometiendo por el juez de derecho a los jueces de hecho.

Analiza, por último, el apelante, en su alegato, la prueba practicada, y sostiene que no es suficiente para basar en ella un veredicto de culpable. No vamos a transcribir las declaraciones de los testigos, limitándonos a consignar que una cuidadosa lectura de las mismas deja en nuestro ánimo una sola impresión: la de la culpabilidad del acusado.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.