[Crim. No. 184.    Department Two.—December 17, 1896.]

THE PEOPLE, APPELLANT, *v.* LOUIS A. MUHLNER, RESPONDENT.

CRIMINAL LAW—HOMICIDE—VERDICT OF MANSLAUGHTER—PROOF OF MURDER—ERROR IN GRANTING NEW TRIAL.—Upon an accusation for murder, the jury has the right to bring in a verdict of manslaughter, and a new trial cannot be granted to the defendant on the sole ground that the crime proved was that of murder.

ID.—ERROR FAVORABLE TO DEFENDANT.—A verdict should not be set aside and a new trial granted on motion of the defendant, except for some omission or error prejudicial to him; and a new trial cannot be granted

where the verdict is for a less degree of the offense charged than the evidence proves, or where the determination of his case was more favorable to the defendant than the evidence warranted.

ID.—ACQUITTAL OF MURDER.—A verdict of manslaughter is the equivalent of a verdict of not guilty of the charge of murder, and the defendant, after such verdict, cannot be again tried upon the charge of murder.

APPEAL from an order of the Superior Court of Alameda County granting a new trial.    A. L. FRICK, Judge.

The facts are stated in the opinion.

*W. F. Fitzgerald, Attorney General,* and *W. H. Anderson, Assistant Attorney General,* for Appellant.

The crime of manslaughter was included in the greater crime of murder charged in the information.    (Wharton's Criminal Law, sec. 542.)    The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged. (Pen. Code, sec. 1159.)    A defendant cannot complain where the determination of his case was more favorable to him than the evidence warranted.    (*People* v. *Barnhart,* 59 Cal. 381; *People* v. *Maroney,* 109 Cal. 277; *People* v. *Lowen,* 109 Cal. 381; *People* v. *Brotherton,* 47 Cal. 404.)

*C. G. Nagle,* and *Eugene F. Bert,* for Respondent.

.SEARLS, C.—The defendant, Louis A. Muhlner, was informed against in the county of Alameda for the crime of murder, alleged to have been committed on the twelfth day of August, 1895, by the unlawful and felonious killing of one Jennie Lewis, at the said county of Alameda.

The defendant entered a plea of not guilty, and, upon a trial, he was found guilty of the crime of manslaughter.

Thereafter, and before judgment, defendant moved for a new trial upon all the statutory grounds provided by section 1181 of the Penal Code, except the first and seventh.    That is to say, the motion was not based upon the ground that the trial was held in the absence of the

defendant, or upon the ground of newly discovered evidence.

The motion for a new trial, as appears by the order granting the same and from the bill of exceptions, was granted for the reasons shown by the following copy of said order:

"Comes now the court, being fully advised in the law and the premises, and orders that the motion for a new trial may be granted solely upon the ground that the evidence in this case was sufficient to warrant the jury in believing, beyond every reasonable doubt, that the defendant did, at the time and place charged in the information, take the life of the deceased, and to warrant them in believing beyond and to the exclusion of all reasonable doubt that the act of killing upon his part was committed with malice, and that, therefore, the evidence was sufficient to warrant them in returning a verdict of guilty of murder. But that there was no evidence tending to show that such killing was not committed with malice, but, to the contrary, there was evidence showing beyond and to the exclusion of all reasonable doubt that such killing was committed with malice."

The people appeal from the order granting a new trial, and urge that the court erred in granting said motion at the instance of defendant.

A careful review of the record fails to convince us that there was any good cause for granting a new trial other than that assigned by the trial court as a reason thereof.

Was the reason assigned sufficient to justify the order? We think not. Section 1159 of the Penal Code provides that: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged," etc.

The offense of manslaughter is necessarily included in the charge of murder, and the court very properly so instructed the jury, and advised them that, in a certain state of the case, they could find the defendant,

guilty of manslaughter. We agree with the court be-
low that the evidence was quite sufficient to warrant a
verdict of murder.

It follows that the jury had a perfect right to bring
in a verdict of manslaughter if they thought the evi-
dence warranted such verdict.

A verdict should not be set aside and a new trial
granted on the motion of the defendant, except for some
omission or error prejudicial to him. (Pen. Code, sec.
1404.) In the case at bar the verdict was set aside and
a new trial granted on the ground that the verdict was
*too favorable* to the defendant.

The doctrine is well settled by this court that a de-
fendant cannot complain where the determination of
his case was more favorable to him than the evidence
warranted. (*People* v. *Barnhart*, 59 Cal. 381; *People* v.
*Maroney*, 109 Cal. 277; *People* v. *Lowen*, 109 Cal. 381;
*People* v. *Jefferson*, 52 Cal. 452.)

In *People* v. *Barnhart*, *supra*, where the defendant
urged as ground for reversal that the jury found him
guilty of burglary in the second degree, when the evi-
dence showed beyond controversy burglary in the first
degree, and there was no evidence whatever of second
degree burglary, this court said: "But it is a sufficient
answer to the objection taken on behalf of the defend-
ant, to say that he is not prejudiced by the error com-
plained of. If the jury erred, the error was on the side
of the defendant, and he cannot be permitted to urge
in this court, as a reason for the reversal of the judgment
of the court below, that the determination there was
more favorable to him than the evidence warranted.
. . . . The substantial rights of the defendant must
have been *injuriously* affected by the error complained
of to warrant our interference."

A verdict contrary to instructions—for a less degree
of the offense than the evidence proves, must be received
and carried out. A new trial cannot be ordered. (2
Bishop's New Criminal Procedure, sec. 642; *Jordan* v.
*State*, 22 Ga. 545, 559; *Barnett* v. *People*, 54 Ill. 325; *Com-*

*monwealth* v. *McPike,* 3 Cush. 181; 50 Am. Dec. 727; *Commonwealth* v. *Walker,* 108 Mass. 309; *Commonwealth* v. *Burke,* 14 Gray, 100; *Commonwealth* v. *Smith,* 151 Mass. 491; *Fagg* v. *State,* 50 Ark. 506; *Allen* v. *State,* 37 Ark. 435; *Pratt* v. *State,* 51 Ark. 167.) Many other cases might be cited, but these are deemed sufficient to show that a conviction of a lesser offense (necessarily involved in the indictment) than called for by the evidence is not cause for granting a new trial, or for reversal on appeal where such motion for new trial has been refused by the trial court.

The verdict of guilty of manslaughter is the equivalent of a verdict of not guilty of the charge of murder, and he cannot be again tried upon that charge. (*People* v. *Gordon,* 99 Cal. 227; *People* v. *Apgar,* 35 Cal. 389; *People* v. *Gilmore,* 4 Cal. 376; 60 Am. Dec. 620.)

The defendant having been properly convicted of the crime of manslaughter, the granting of the motion for a new trial upon the grounds stated therein was erroneous, and the order should be reversed and the court below directed to pronounce judgment against the defendant upon the verdict.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the order is reversed and the court below directed to pronounce judgment against the defendant upon the verdict.

MCFARLAND, J., HENSHAW, J., TEMPLE, J.