[Crim. No. 9944.   In Bank.   July 7, 1966.]

## In re MARGARET LOUISE McCARTNEY
### on Habeas Corpus.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Joseph W. Fairfield and Ethelyn F. Black for Petitioner.

Evelle J. Younger, District Attorney, Harold J. Ackerman, Chief Deputy District Attorney, Harry Wood, Robert Lord and Harry B. Sondheim, Deputy District Attorneys, for Respondent.

TRAYNOR, C. J.—Petitioner seeks a writ of habeas corpus on the ground that her pending trial in the Superior Court of Los Angeles County is barred by the prohibition against double jeopardy and by the statute of limitations. (Cal. Const., art. I, § 13; Pen. Code, § 800.)

On November 14, 1961, the District Attorney of Los Angeles County filed an information in the superior court charging that petitioner committed murder on or about October 23, 1961. (Pen. Code, § 187.) She was convicted of second degree murder in a jury trial, but her conviction was reversed on appeal. (*People* v. *McCartney*, 222 Cal.App.2d 461 [35 Cal. Rptr. 256].) On retrial she was convicted of voluntary manslaughter (Pen. Code, § 192), but this conviction was also reversed. (*People* v. *McCartney*, nonpublished opinion, District Court of Appeal, 2 Crim. 10410, Sept. 16, 1965.)

Petitioner's third trial was set for January 19, 1966. At that time she moved that the information be dismissed, contending that her conviction of manslaughter was an acquittal of the charged murder and that the information could not be amended to charge manslaughter because the statute of limitations for manslaughter had run. The trial court denied her motion, but to avoid a possibly needless retrial granted a continuance while she sought relief on habeas corpus.

Petitioner's conviction of second degree murder at her first trial was an acquittal of first degree murder, and her conviction of manslaughter at her second trial was an acquittal of second degree murder. (*Gomez* v. *Superior Court,* 50 Cal.2d 640, 643-647 [328 P.2d 976].) An indictment or information charging murder, however, also charges all lesser offenses necessarily included in the crime of murder, including voluntary and involuntary manslaughter. (Pen. Code, § 1159; *People* v. *McFarlane,* 138 Cal. 481, 484 [71 P. 568, 72 P. 48, 61 L.R.A. 245]; *People* v. *Smith,* 134 Cal. 453, 454-455 [66 P. 669].) Accordingly, a defendant who has been charged with

murder, convicted of manslaughter and had his conviction reversed on appeal may be retried for manslaughter on the original indictment or information. (*People* v. *McFarlane, supra,* 138 Cal. 481, 484; *People* v. *Smith, supra,* 134 Cal. 453, 454-455.)

It is of no significance that the three-year period of the statute of limitations for manslaughter (Pen. Code, § 800) has now run. Had the information charging murder been filed after the three-year period, the statute would bar a conviction for manslaughter. (*People* v. *Stevens,* 5 Cal.2d 92, 99 [53 P.2d 133]; *People* v. *Miller,* 12 Cal. 291, 294-295; *People* v. *Angelo,* 24 Cal.App.2d 626, 628 [75 P.2d 614]; *People* v. *Meyers,* 39 Cal.App. 244, 245 [178 P. 965].) Since the information was filed before the three-year period had run, however, a manslaughter conviction is not barred. (*People* v. *Brooks,* 50 Cal.App.2d 610, 611 [123 P.2d 556].) Petitioner may be tried under the original information or she may move to have the information amended to reflect the fact that she can now be convicted of no higher offense than manslaughter. In any event, the jury will be instructed that manslaughter is the greatest offense for which she can be convicted. (*People* v. *McFarlane, supra,* 138 Cal. 481, 485.)

The order to show cause is discharged, and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Peek, J., Burke, J., and White, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.