103 Cal.Rptr.2d 698 (2001)
24 Cal.4th 983
16 P.3d 118
The PEOPLE, Plaintiff and Respondent,
v.
Juan Jose SANCHEZ, Defendant and Appellant.
No. S066991.
Supreme Court of California.
February 5, 2001.
*699 Jo Anne D. Roake, under appointment by the Supreme Court, for Defendant and Appellant.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Carol Wendelin Pollack, Assistant Attorney General, Chung L. Mar, Kerrigan M. Keach, James W. Bilderback II, Barbara B. Dayvault and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.
GEORGE, C.J.
We are called upon to determine whether the offense of gross vehicular manslaughter while intoxicated (Pen.Code, § 191.5, subd. (a))[1] is a lesser included offense of murder. (§ 187.) We conclude, as did the Court of Appeal, that it is not.

I
Defendant was charged by information filed July 5, 1995, with (1) the murder of Royal Williams (§ 187); (2) gross vehicular manslaughter while intoxicated (based upon the death of Royal Williams) (§ 191.5, subd. (a)); (3) driving under the influence of alcohol, causing injury to Richard Conrad (Veh.Code, § 23153, subd. (a)); (4) driving with a blood-alcohol level in excess of .08 percent with injury to Richard Conrad (Veh.Code, § 23153, subd. (b)); (5) hit-and-run driving, causing injury (Veh.Code, § 20001, subd. (a)); and (6) perjury (§ 118). As to counts 2, 3, and 4, it also was alleged that defendant caused death and bodily injury to more than one victim within the meaning of former Vehicle Code section 23182. (See Veh.Code, § 23182, as amended by Stats.1988, ch. 1264, § 1, p. 4199, repealed by Stats. 1998, ch. 118, § 45; see also present Veh.Code, § 23558.)
After a court trial, defendant was found guilty of second degree murder, gross vehicular manslaughter while intoxicated, driving under the influence of alcohol causing injury, and driving with the specified blood-alcohol level, causing injury. The court found defendant not guilty of the hit-and-run charge and dismissed the perjury charge pursuant to section 1118.
The court sentenced defendant to a term of 15 years to life in prison on count 1 (the second degree murder charge). The court ordered that this term be served consecutively to an eight-month term on count 3 (driving under the influence of alcohol, causing injury), a term that the court enhanced with an additional term of eight months, pursuant to former Vehicle Code section 23182. Sentences imposed on counts 2 and 4 (gross vehicular manslaughter while intoxicated, and driving with a specified blood-alcohol level) were stayed.
On appeal, the Court of Appeal modified the judgment, imposing a two-year term on count 3 (driving under the influence of alcohol, causing injury) but staying the enhancement imposed pursuant to Vehicle Code section 23182. It affirmed the judgment in all other respects. We granted defendant's petition for review.
The evidence considered in the light most favorable to the judgment established that in the early morning hours of April 25, 1995, Richard Conrad and Royal Williams were en route to Taft, where they worked. Conrad, the driver, slowed for a curve but was startled to see an oncoming vehicle in his lane. Conrad swerved to avoid it, but the other vehicle struck Conrad's Dodge Colt on the passenger side, killing Williams and seriously injuring Conrad. Police accident reconstruction confirmed that the collision occurred in Conrad's lane.
*700 Defendant was the driver of the other vehicle, a Ford Bronco. In statements to the police and at trial, he claimed that Conrad had been at fault, but gave conflicting accounts of the circumstances of the collision and of his own alcohol consumption preceding the collision. He admitted some alcohol consumption, but denied feeling intoxicated.
Because of various indications that he was under the influence of alcohol, defendant was arrested at the scene, and en route to the police station he commented laughingly that he was scheduled to appear on another driving-under-the-influence charge that morning. He also commented that his wife had told him not to drink and drive. His blood-alcohol level two hours after the collision was .17 percent.
Defendant had sustained two prior convictions for driving under the influence of alcohol, and one additional such charge was pending against him. In 1988, he was arrested after he twice careened into other vehicles, and the driver of one of those vehicles chased him on foot and tackled him. His blood-alcohol level at the time was .19 percent. Upon conviction, his license to drive was suspended, and he was placed on 36 months' probation. In 1993, defendant again was arrested and convicted of driving under the influence of alcohol, and again was placed on probation. He was ordered to attend a drinking driver's educational program, but failed to do so. In February 1995, two months prior to his commission of the present offenses, a California Highway Patrol officer found defendant next to an apparently stalled vehicle. Defendant stated that another person was the driver. It appeared to the officer that defendant was under the influence of alcohol, and the officer directed defendant not to drive the automobile. When the officer withdrew, he observed defendant put gas into the vehicle and drive away. Defendant drove 20 miles per hour over the speed limit, failed to put on his vehicle headlights, and weaved among lanes. His blood-alcohol level after he was stopped was between .18 and .19 percent. Charges in that case were pending at the time of trial in the present case.
Defendant had been driving without a valid driver's license since 1988, when his license was suspended in connection with his first conviction.

II
In most cases "this court has ... affirmed multiple convictions for a single act or indivisible course of conduct," leaving it to the sentencing court to determine whether to stay execution of sentence on one or more convictions pursuant to section 654 in order to avoid multiple punishment for the same act. (People v. Pearson (1986) 42 Cal.3d 351, 354, 359, 228 Cal. Rptr. 509, 721 P.2d 595.) A defendant, however, cannot be convicted of both an offense and a lesser offense necessarily included within that offense, based upon his or her commission of the identical act. (Id. at p. 355, 228 Cal.Rptr. 509, 721 P.2d 595.)
For purposes of the rule proscribing multiple conviction, "`[u]nder California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.'" (People v. Breverman (1998) 19 Cal.4th 142, 154, fn. 5, 77 Cal. Rptr.2d 870, 960 P.2d 1094.)
As an example of the application of this rule based upon the statutory elements of the crimes involved, we observe that assault with a deadly weapon (§ 245) is not an offense necessarily included within murder, even if the murder in fact is carried out with a deadly weapon. Murder requires proof of an unlawful killing of a human being committed with malice. (§ 187, subd. (a).) Assault with a deadly weapon requires proof that a deadly weapon *701 was used. Because in the abstract a murder can be committed without a deadly weapon, assault with a deadly weapon is not an offense necessarily included within the crime of murder. (People v. Benjamin (1975) 52 Cal.App.3d 63, 71, 124 Cal.Rptr. 799; see also People v. Zapata (1992) 9 Cal.App.4th 527, 533, 12 Cal.Rptr.2d 118, disapproved on other grounds in People v. Fields (1996) 13 Cal.4th 289, 305, 52 Cal. Rptr.2d 282, 914 P.2d 832; In re David S. (1983) 148 Cal.App.3d 156, 158, 195 Cal. Rptr. 754.) Of course, even though a defendant may stand convicted of both a murder and an assault with a deadly weapon for the same act, execution of sentence for one of the offenses normally would be stayed pursuant to section 654. (See, e.g., People v. Siko (1988) 45 Cal.3d 820, 824, 248 Cal.Rptr. 110, 755 P.2d 294; People v. Parks (1971) 4 Cal.3d 955, 961, fn. 3, 95 Cal.Rptr. 193, 485 P.2d 257.)
We conclude that the same rule should apply in the present case. Although as a factual matter, a murder may be carried out by means of a vehicle and by an intoxicated driver, in the abstract it obviously is possible to commit a murder without committing gross vehicular manslaughter while intoxicated. Accordingly, dual conviction in the present case was appropriatealthough the trial court properly avoided dual punishment pursuant to section 654 by staying execution of sentence for the vehicular manslaughter offense.
Gross vehicular manslaughter while intoxicated is defined as follows: "Gross vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence." (§ 191.5, subd. (a).)
When we compare the elements of murder with the elements of gross vehicular manslaughter while intoxicated, it appears, as the Court of Appeal concluded, that the statutory elements of murder do not include all the elements of the lesser offense. Gross vehicular manslaughter while intoxicated requires proof of elements that need not be proved when the charge is murder, namely, use of a vehicle and intoxication. Specifically, section 191.5 requires proof that the homicide was committed "in the driving of a vehicle" and that the driving was in violation of specified Vehicle Code provisions prohibiting driving while intoxicated.
Defendant contends that gross vehicular manslaughter while intoxicated merely requires proof of a certain variety of unlawful killing, and that the essential common element of proof in both manslaughter and murder simply is an unlawful killing. We believe this contention is unfounded for the same reason that courts have concluded that assault with a deadly weapon is not an offense necessarily included within the offense of murder. The lesser offense contains crucial elements of proof that are absent from the greater offense, thereby making it possible to commit the greater offense without necessarily committing the lesser offense.
Defendant points to the long-established tradition in this state holding that manslaughter is a lesser included offense of murder. (See, e.g., People v. Pearne (1897) 118 Cal. 154, 157, 50 P. 376; People v. Muhlner (1896) 115 Cal. 303, 305, 47 P. 128; People v. Gilmore (1854) 4 Cal. 376, 380; see also People v. McFarlane (1903) 138 Cal. 481, 484, 71 P. 568; People v. Tugwell (1917) 32 Cal.App. 520, 528, 163 P. 508; People v. Shimonaka (1911) 16 Cal. App. 117, 121, 116 P. 327.) We agree that the tradition identified by defendant is well established in this state, and that many recent decisions, including numerous decisions of this court, have held that manslaughter is a lesser included offense of murder. "California statutes have long *702 separated criminal homicide into two classes, the greater offense of murder and the lesser included offense of manslaughter. The distinguishing feature is that murder includes, but manslaughter lacks, the element of malice." (People v. Rios (2000) 23 Cal.4th 450, 460, 97 Cal.Rptr.2d 512, 2 P.3d 1066.) We also have stated: "It has long been the law that a `charge of murder includes by implication a charge of the lesser degree of murder as well as voluntary and involuntary manslaughter.' [Citations.]" (People v. Thomas (1987) 43 Cal.3d 818, 824, 239 Cal.Rptr. 307, 740 P.2d 419; see People v. Breverman, supra, 19 Cal.4th at p. 154, 77 Cal.Rptr.2d 870, 960 P.2d 1094; Stone v. Superior Court (1982) 31 Cal.3d 503, 517, 183 Cal.Rptr. 647, 646 P.2d 809; In re McCartney (1966) 64 Cal.2d 830, 831, 51 Cal.Rptr. 894, 415 P.2d 782; 1 Witkin & Epstein, Cal.Criminal Law (3d ed.2000) Defenses, § 173, p. 529.)
Although the general tradition relied upon by defendant is well established, this court has not previously considered the question whether the settled practice of treating manslaughter as an offense necessarily included within murder should be extended to the more recently created crimes of vehicular manslaughter while intoxicated, and defendant does not identify a tradition of comparable pedigree with respect to such crimes.
Defendant relies upon two Court of Appeal decisions that have held that vehicular manslaughter while intoxicated is an offense necessarily included within the offense of murder. With respect to gross vehicular manslaughter while intoxicated as defined by section 191.5, one court has asserted that although vehicular manslaughter might seem not to be included within murder because it, unlike murder, requires proof that the instrumentality of the killing was a vehicle, in actuality, this requirement is not an element for the purpose of identifying a lesser included offense. (People v. Garcia (1995) 41 Cal. App.4th 1832, 50 Cal.Rptr.2d 127.) The court in Garcia determined that use of a vehicle is merely a circumstance relating to punishment, but not a separate element that is absent from a charge of murder. (Id. at p. 1854, 50 Cal.Rptr.2d 127.) That court asserted that use of a vehicle is comparable to heat of passion in connection with a charge of voluntary manslaughteran element that the court asserted must be proved by the prosecution for manslaughter but not for murder, but that does not detract from the character of the crime of manslaughter as a lesser included offense of murder. (Ibid.) Similarly, the Court of Appeal in People v. Watson (1983) 150 Cal.App.3d 313, 198 Cal.Rptr. 26 held that use of a vehicle and intoxication are not elements of vehicular manslaughter while intoxicated, an offense set forth in section 192, but "merely ... circumstances under which an unlawful killing constitutes manslaughter...." (People v. Watson, supra, 150 Cal.App.3d at p. 322, 198 Cal. Rptr. 26.)[2]
We conclude that these decisions stray too far from the general principle that an offense is necessarily included within a greater offense when the greater offense cannot be committed without committing *703 the lesser offense. In addition, the opinion in People v. Garcia, supra, 41 Cal.App.4th 1832, 50 Cal.Rptr.2d 127, employed an analogy to voluntary manslaughter that was based upon an erroneous premise. That opinion posited that voluntary manslaughter as defined by section 192 is a lesser included offense within murder even though heat of passion and imperfect self-defense are "extra circumstances" that the prosecution must establish in order to prove an unlawful killing in connection with the offense of manslaughter. The appellate court in Garcia asserted that intoxication and the use of a vehicle function in the same way when the charge is one of gross vehicular manslaughter while intoxicated, pursuant to section 191.5. Our court has very recently explained, however, that provocation and imperfect self-defense are not elements necessary to establish an unlawful killing when the accused is charged with voluntary manslaughter. Rather, they are facts that, in a murder charge, may tend to negate an element of murder, namely, malice. When the charge is voluntary manslaughter alone, they are not elements at all. (People v. Rios, supra, 23 Cal.4th at pp. 462-463, 97 Cal.Rptr.2d 512, 2 P.3d 1066.) Accordingly, the appellate court in Garcia erred in equating the relationship of intoxication and the use of a vehicle in the offense of gross vehicular manslaughter while intoxicated with the role of provocation and imperfect self-defense in the crime of voluntary manslaughter. Specifically, that court erred in reasoning that if voluntary manslaughter is a lesser included offense within murder despite the existence of "circumstances" such as provocation that are not present in a murder charge, then gross vehicular manslaughter while intoxicated also is a lesser included offense within murder despite the existence of "circumstances" such as intoxication and the use of a vehicle.[3]
Although it long has been held that manslaughter is a lesser included offense of murder, this tradition has not explicitly included offenses requiring proof of specific elements unique to vehicular manslaughter. Unlike manslaughter generally, vehicular manslaughter while intoxicated requires proof of elements that are not necessary to a murder conviction. The use of a vehicle while intoxicated is not merely a "circumstance," but an element of proof when the charge is gross vehicular manslaughter while intoxicated. Gross vehicular manslaughter while intoxicated is not merely a degree of murder, nor is it a crime with a lengthy pedigree as a lesser included offense within the crime of murder.
Defendant also relies upon our decision in People v. Ortega (1998) 19 Cal.4th 686, 80 Cal.Rptr.2d 489, 968 P.2d 48. That case involved the crimes of robbery and theft, rather than murder and manslaughter. In Ortega, we emphasized a particular historical traditionthe long-standing recognition of the law that theft is a lesser included offense of robbery. We observed that the cases have characterized robbery as "`"simply an aggravated form of theft with the additional element of force or fear, and ... theft is therefore a lesser but necessarily included offense of robbery."'" (Id. at p. 695, 80 Cal.Rptr.2d 489, 968 P.2d 48.) We also rejected the notion that factors relating to the degree of an offense necessarily would destroy its character as a lesser included offense. We added that "[f]ocusing upon whether a particular form of theft necessarily is included within the offense of robbery misses the point, recognized in our early case law, that the crime of theft, in one form or another, always is included within robbery." (Id. at p. 697, 80 Cal.Rptr.2d 489, 968 P.2d 48.)
Our decision in People v. Ortega, supra, 19 Cal.4th 686, 80 Cal.Rptr.2d 489, 968 P.2d 48, is distinguishable from the present *704 case. Gross vehicular manslaughter while intoxicated, as we have noted, is not simply a degree of murder. Although it generally is true that manslaughter is a lesser included offense of murder, because generally manslaughter simply involves an unlawful killing of a human being without malice, gross vehicular manslaughter while intoxicatedlike assault with a deadly weaponrequires proof of additional elements that are not included in the offense of murder or in other forms of nonvehicular manslaughter. Finally, to the extent that our opinion in Ortega relied upon an historical practice supporting the general principle that all forms of theft are included within the crime of robbery, the present case also may be distinguished. Although we recognize that historically manslaughter in general has been considered a necessarily included offense within murder, that long and settled tradition has not extended to the more recently enacted forms of vehicular manslaughter that require proof of additional elements.[4]
Although we conclude that under the general California standard for determining greater and lesser included offenses, gross vehicular manslaughter while intoxicated should not be treated as a lesser included offense of murder and thus that a defendant may be convicted of both offenses arising out of the same act, as we have explained above a defendant generally has a right under section 654 not to be punished twice for the same act. Thus, if a defendant is convicted of both offenses based upon the commission of a single act, a trial court generally would be obligated to stay execution of sentence on one of the convictions.
Defendant complains that pursuant to this court's decision in People v. Benson (1998) 18 Cal.4th 24, 74 Cal.Rptr.2d 294, 954 P.2d 557, in a subsequent prosecution he still could be subject to enhanced punishment under the "Three Strikes" law (see §§ 667, subds. (b)-(i), 1170.12), because he could be treated as having two strikes on the basis of the two convictions. We are not faced with that question in the present case, but we believe it is appropriate and prudent to note that in this court's decision in Benson, we observed that a trial court may strike a prior felony conviction under section 1385, and that we left open the possibility that "there are some circumstances in which two prior felony convictions are so closely connected ... that a trial court would abuse its discretion under section 1385 if it failed to strike one of the priors." (People v. Benson, supra, 18 Cal.4th at p. 36, and fn. 8, 74 Cal. Rptr.2d 294, 954 P.2d 557.)

III
For the foregoing reasons, we affirm the judgment of the Court of Appeal.
BAXTER, J., WERDEGAR, J., and CHIN, J, concur.
Concurring Opinion by MOSK, J.
I concur in the opinion of the court.
Like the Court of Appeal before us, we conclude that the crimes of second degree murder and gross vehicular manslaughter while intoxicated were not greater including and lesser included offenses, and that, as a result, the convictions that appellant suffered for each might stand as nonduplicative.
I write separately to explain how I reach this conclusion.

*705 I
Crimes are greater including and lesser included offenses if a perpetrator cannot commit the former without necessarily committing the latter. (See, e.g., People v. Birks (1998) 19 Cal.4th 108, 117-118, 77 Cal.Rptr.2d 848, 960 P.2d 1073.)
Whether crimes are greater including and lesser included offenses is important for purposes of notice and proof.
In charging, the People must give a defendant notice of any crime of which he may be convicted in order to afford him an opportunity to prepare and present a defense. (See Pen.Code, § 952.) They may give notice of both a greater including offense and a lesser included offense. (See id., § 954.)
They may do so expressly as to the greater including offense. (See id., § 952.) They may do so impliedly as to the lesser included offense. (See id., § 1159.) At a jury trial, the trial court must instruct on a greater including offense, if charged. (See id., § 1127.) It must also instruct on a lesser included offense, even if uncharged, so long as the evidence would absolve the defendant of the greater including offense but not the lesser included offense. (See, e.g., People v. Waidla (2000) 22 Cal.4th 690, 733, 94 Cal.Rptr.2d 396, 996 P.2d 46.)
On proof by the People of the elements of the crime beyond a reasonable doubt, the defendant may be convicted of either a greater including offense or a lesser included offense (see Pen.Code, § 1159), but not both (e.g., People v. Pearson (1986) 42 Cal.3d 351, 355, 228 Cal.Rptr. 509, 721 P.2d 595), inasmuch as conviction for both would amount to duplicative convictions for the lesser included offense, specifically, one for the lesser included offense in and of itself and another for the lesser included offense under the form of the greater including offense (see, e.g., People v. Fields (1996) 13 Cal.4th 289, 306, 52 Cal.Rptr.2d 282, 914 P.2d 832). If the defendant is in fact convicted of both a greater including offense and a lesser included offense, his conviction for the greater including offense may stand, but his conviction for the lesser included offense must fall, again inasmuch as conviction for both would amount to duplicative conviction for the lesser included offense. (See, e.g., People v. Pearson, supra, 42 Cal.3d at p. 355, 228 Cal.Rptr. 509, 721 P.2d 595.) If, on motion for new trial or on appeal, the trial court or the appellate court, as the case may be, determines that the defendant's conviction for the greater including offense alone is contrary to law or evidence, it may substitute in its place a conviction for the lesser included offense. (See Pen.Code, § 1181, subd. 6.)
As stated, whether crimes are greater including and lesser included offenses is important for purposes of notice and proof.
For charging, notice is crucial, because the People must give the defendant notice of any crime of which he may be convicted.
For conviction, proof is crucial, because the defendant may be convicted of a crime only on proof by the People of its elements beyond a reasonable doubt.
As also stated, whether crimes are greater including and lesser included offenses depends on whether a perpetrator can commit the former without necessarily committing the latter.
Under the crime definition test, we determine whether the perpetrator can commit the greater including offense without necessarily committing the lesser included offense as a matter of law in view of the elements. (See, e.g., People v. Birks, supra, 19 Cal.4th at p. 117, 77 Cal. Rptr.2d 848, 960 P.2d 1073.)
Under the accusatory pleading test, we determine whether the perpetrator can commit the greater including offense without necessarily committing the lesser included offense as a matter of fact in view of the allegations. (See, e.g., People v. Birks, supra, 19 Cal.4th at p. 117, 77 Cal. Rptr.2d 848, 960 P.2d 1073.)
Application of the crime definition test is fit for deciding whether crimes are greater *706 including and lesser included offenses for purposes of both notice and proof. By charging one crime with, say, A, B, and C as elements, the People thereby give the defendant notice of another crime with, say, A and B as elements. So far as notice is concerned, the first crime is a greater including offense and the second a lesser included offense. Likewise, by proving beyond a reasonable doubt the elements of one crime, which consist of, say, X, Y, and Z, the People thereby prove beyond a reasonable doubt the elements of another crime, which consist of, say, X and Y. So far as proof is concerned, the first crime is a greater including offense and the second a lesser included offense. Therefore, a conviction for the former is duplicative of a conviction for the latter. Otherwise, it is not.
By contrast, application of the accusatory pleading test is fit for deciding whether crimes are greater including and lesser included offenses only for purpose of notice and not for purpose of proof. By charging one crime with, say, A, B, and C as facts alleged although not as elements, the People thereby give the defendant notice of another crime with, say, A and B as elements. So far as notice is concerned, the first crime is a greater including offense and the second a lesser included offense. But by proving beyond a reasonable doubt the elements of one crime, with included, say, X, Y, and Z as facts alleged although not as elements, the People do not thereby prove beyond a reasonable doubt the elements of another crime, which consist of, say, X and Y as elements. So far as proof is concerned, it is uncertain whether the first crime is a greater including offense and the second a lesser included offense. It is similarly uncertain whether a conviction for the former is duplicative of a conviction for the latter.

II
Turning to the case at bar, I am of the opinion that the crimes of second degree murder and gross vehicular manslaughter while intoxicated are not greater including and lesser included offenses, and that, as a result, the convictions that appellant suffered for each may stand as nonduplicative.
Whether appellant's crimes of second degree murder and gross vehicular manslaughter while intoxicated are greater including and lesser included offenses yielding duplicative convictions depends on whether he could commit the former without necessarily committing the latter.
Whether appellant could commit the crime of second degree murder without necessarily committing the crime of gross vehicular manslaughter while intoxicated depends, in turn, on whether, under the crime definition test, he could do so as a matter of law in view of their elements that test alone being fit for purpose of proof as to the duplicativeness vel non of the convictions in question.
It is manifest that appellant's crimes of second degree murder and gross vehicular manslaughter while intoxicated are not greater including and lesser included offenses yielding duplicative convictions. Appellant could indeed commit the former without necessarily committing the latter. The elements of second degree murder, which is the "unlawful killing of a human being ... with malice aforethought" (Pen. Code, § 187, subd. (a); see id., § 189), consist of unlawful killing and malice aforethought. The same is true of murder simpliciter, without regard to degree. (See id, § 187, subd. (a).) By contrast, the elements of manslaughter, which is the "unlawful killing of a human being without malice [aforethought]" (id., § 192), ostensibly consist of unlawful killing but not malice aforethought, in other words, unlawful killing alone. Those of gross vehicular manslaughter while intoxicated, which involves the "unlawful killing of a human being without malice aforethought" (id., § 191.5, subd. (a)), consist of, inter alia, unlawful killing, the act of driving a vehicle, and the state of intoxication, but not malice aforethought. The People proved *707 beyond a reasonable doubt the elements of second degree murder, which consist of unlawful killing and malice aforethought. They also proved beyond a reasonable doubt the elements of gross vehicular manslaughter while intoxicated, which include unlawful killing, the act of driving a vehicle, and the state of intoxication. But they did not prove beyond a reasonable doubt the elements of gross vehicular manslaughter while intoxicated by proving beyond a reasonable doubt the elements of second degree murder. For, like those of second degree murder, the elements of gross vehicular manslaughter while intoxicated include unlawful killing; unlike them, they also include the act of driving a vehicle and the state of intoxication. Therefore, appellant's conviction for gross vehicular manslaughter while intoxicated is not duplicative of his conviction for second degree murder.
Claiming that his crimes of second degree murder and gross vehicular manslaughter while intoxicated are, in fact, greater including and lesser included offenses yielding duplicative convictions, appellant argues to this effect: "The crimes of murder and manslaughter are greater including and lesser included offenses; manslaughter and gross vehicular manslaughter while intoxicated are greater including and lesser included offenses; therefore, murder and gross vehicular manslaughter while intoxicated are greater including and lesser included offenses."
Appellant's major premise is unsound. Hence, his conclusion is unsupported.
It is simply not the case that the crimes of murder and manslaughter are greater including and lesser included offenses. True, they have been "considered" to be such. (E.g., People v. Lee (1999) 20 Cal.4th 47, 59, 82 Cal.Rptr.2d 625, 971 P.2d 1001 (plur.opn.) [speaking of "intentional murder" and "voluntary manslaughter"]; People v. Breverman (1998) 19 Cal.4th 142, 154, 77 Cal.Rptr.2d 870, 960 P.2d 1094 [same].) But, in fact, they are not. (See, e.g., People v. Rios (2000) 23 Cal.4th 450, 470-171, 97 Cal.Rptr.2d 512, 2 P.3d 1066 (cone. opn. of Mosk, J.); People v. Blakeley (2000) 23 Cal.4th 82, 94-99, 96 Cal.Rptr.2d 451, 999 P.2d 675 (dis. opn. of Mosk, J.); People v. Breverman, supra, 19 Cal.4th at pp. 182-184, 77 Cal.Rptr.2d 870, 960 P.2d 1094 (dis. opn. of Mosk, J.); id. at pp. 188-189, 77 Cal.Rptr.2d 870, 960 P.2d 1094 (dis. opn. of Kennard, J.) [observing at p. 189, fn. 4, 77 Cal.Rptr.2d 870, 960 P.2d 1094, that "voluntary manslaughter might be termed a lesser including offense of murder" (italics in original) ].) The elements of murder, which is the unlawful killing of a human being with malice aforethought, consist of unlawful killing and malice aforethought. The elements of manslaughter, which is the unlawful killing of a human being without malice aforethought, ostensibly consist of unlawful killing alone. If all were as it appears, murder and manslaughter would indeed be greater including and lesser included offenses. But it is not. First, manslaughter's unlawful killing element is not identical to murder's. Murder's covers any unlawful killing; manslaughter's, however, reaches only specified unlawful killings, including, as here, those resulting from an act of driving a vehicle while in a state of intoxication. Second, manslaughter's unlawful killing element, even if it were identical to murder's, is not its sole element. To be sure, more than 80 years ago, the Court of Appeal in People v. Tugwell (1917) 32 Cal.App. 520, 528, 163 P. 508, held that it was. Today, no court could reasonably do the same, with the result of transforming manslaughter into a crime that would have only a single element going to conduct or consequences and none at all going to mental state.[1]

*708 III
For the reasons stated above, I join my colleagues in affirming the judgment of the Court of Appeal.
Dissenting Opinion by KENNARD, J.
Driving while drunk, defendant Juan Jose Sanchez struck another car, killing its passenger. For killing one person, he was convicted of two counts of homicide: one count of second degree murder (Pen.Code, § 187)[1] and one count of gross vehicular manslaughter' while intoxicated (§ 191.5, subd. (a)).
The majority affirms both convictions. I would not. A defendant may not be convicted of two crimes when, as here, one is a lesser offense necessarily included within the other. Under well-established case law, manslaughter is a lesser included offense of murder, and gross vehicular manslaughter while intoxicated is simply a form of manslaughter. Thus, I would affirm the conviction for second degree murder but, unlike the majority, I would reverse the conviction for gross vehicular manslaughter while intoxicated.
As the majority concedes, decisions dating as far back as 1854, four years after California became a state, have treated manslaughter as a lesser included offense of murder. (See, e.g., People v. Gilmore (1854) 4 Cal. 376, 380 ["An indictment, by operation of law for murder, is also an indictment for manslaughter, and every less offense that may be included under the charge for murder, just as much as though it were charged in distinct and separate counts"]; People v. Muhlner (1896) 115 Cal. 303, 305, 47 P. 128 ["The offense of manslaughter is necessarily included in the charge of murder"]; People v. Pearne (1897) 118 Cal. 154, 157, 50 P. 376 ["[I]t has always been held that upon an indictment charging murder a conviction for manslaughter was proper."]; see also People v. McFarlane (1903) 138 Cal. 481, 484, 71 P. 568; People v. Tugwell (1917) 32 Cal.App. 520, 528, 163 P. 508; People v. Shimonaka (1911) 16 Cal.App. 117, 121, 116 P. 327.) Many recent decisions, including this court's, have held that manslaughter is a lesser included offense of murder. (People v. Thomas (1987) 43 Cal.3d 818, 824, 239 Cal.Rptr. 307, 740 P.2d 419; see People v. Breverman (1998) 19 Cal.4th 142, 154, 77 Cal.Rptr.2d 870, 960 P.2d 1094; Stone v. Superior Court (1982) 31 Cal.3d 503, 517, 183 Cal.Rptr. 647, 646 P.2d 809; In re McCartney (1966) 64 Cal.2d 830, 831, 51 Cal.Rptr. 894, 415 P.2d 782; 1 Witkin & Epstein, Cal.Criminal Law (3d ed.2000) Defenses, § 173, p. 529; see also Stevenson v. United States (1896) 162 U.S. 313, 320-322, 16 S.Ct. 839, 40 L.Ed. 980; State v. Moncla (1997) 262 Kan. 58, 936 P.2d 727, 739; Roach v. State (2000) 358 Md. 418, 749 A.2d 787, 793; People v. Pouncey (1991) 437 Mich. 382, 471 N.W.2d 346, 350; Perkins & Boyce, Criminal Law (3d ed.1982) pp. 124-125 [collecting cases from several jurisdictions and characterizing them as representing the better rule].)
There is a sound basis for the rule. Historically, our law has defined murder as the unlawful killing of a human being with malice (see § 187), while manslaughter is statutorily defined as "the unlawful killing of a human being without malice" (§ 192, italics added). As this court explained recently: "California statutes have long separated criminal homicide into two classes, the greater offense of murder and the lesser included offense of manslaughter. The distinguishing feature is that murder includes, but manslaughter lacks, the element of malice." (People v. Rios (2000) 23 Cal.4th 450, 460, 97 Cal. Rptr.2d 512, 2 P.3d 1066.)
The majority acknowledges the "long and settled tradition" of treating manslaughter as an offense necessarily included in the greater crime of murder. (Maj. opn., ante, at pp. 703-704, 16 P.3d at p. 123.) The majority asserts, however, that *709 this tradition "has not extended to the more recently enacted forms of vehicular manslaughter that require proof of additional elements." (Ibid.) In so asserting, the majority does not mean there are published judicial decisions holding that vehicular manslaughter is not a lesser included offense of murder, nor does it mean that no published decisions have addressed this point. As the majority cannot deny, this state's appellate courts have addressed the issue, and all published decisions have concluded that vehicular manslaughter in all its forms is included within the crime of murder. (See People v. Garcia (1995) 41 Cal.App.4th 1832,1855, 50 Cal.Rptr.2d 127; People v. Watson (1983) 150 Cal.App.3d 313, 323, 198 Cal.Rptr. 26; see also People v. Perez (1989) 212 Cal.App.3d 395, 399, 260 Cal.Rptr. 474; People v. Brogna (1988) 202 Cal.App.3d 700, 706, 248 Cal.Rptr. 761.)
In asserting that the "long and settled tradition" of treating manslaughter as a lesser included offense of murder "has not extended" to more recently enacted forms of vehicular manslaughter, what the majority apparently means is that this line of authority extends back only 20 years, rather than 150. Why this should make a difference the majority does not explain. In any event, the most logical explanation for the absence of authority older than 20 years is that prosecutors rarely charged vehicular homicide as murder until this court expressly recognized their authority to do so in People v. Watson (1981) 30 Cal.3d 290, 179 Cal.Rptr. 43, 637 P.2d 279. Nothing in this history suggests, however, that the Legislature, in designating the various forms of vehicular homicide as "manslaughter," did not intend to incorporate them into the "long and settled tradition" of treating all forms of manslaughter as lesser included offenses of murder.
In its effort to find support for its conclusion that gross vehicular manslaughter while intoxicated is not a lesser included offense of murder, the majority relies on the rule that "a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (People v. Birks (1998) 19 Cal.4th 108, 117, 77 Cal. Rptr.2d 848, 960 P.2d 1073.) Noting that gross vehicular manslaughter while intoxicated requires use of a vehicle and intoxication while murder does not, the majority concludes that gross vehicular manslaughter while intoxicated is not a lesser included offense of murder.
This court rejected a similar analysis in People v. Ortega (1998) 19 Cal.4th 686, 80 Cal.Rptr.2d 489, 968 P.2d 48 (Ortega). In Ortega, the defendant was convicted of robbery and grand theft. Both offenses were based on the same conduct, which included theft of a car. The Attorney General argued that grand theft was not a lesser included offense of robbery because it required an elementtheft of an automobilethat was not necessary to establish the crime of robbery.
This court disagreed and reversed the conviction for grand theft. We explained: The crime of theft is divided into two degreesgrand theft and petty theft. Grand theft can take many forms, each distinguished by separate elements. For example, grand theft occurs when the item stolen is worth more than $400, is taken from the victim's person, or is an item listed in section 487 (such as an automobile, a firearm, or a sheep). No matter what form the theft takes, however, it is a lesser included offense of robbery, because all the elements of theft are included in the crime of robbery. The elements distinguishing the various forms of grand theft from petty theft have no bearing on whether theft in all its forms is a lesser included offense of robbery. Thus, to ask whether a particular form of theft is necessarily included in robbery "misses the point," because "the crime of theft, in one form or another, always is included within *710 robbery." (Ortega, supra, 19 Cal.4th at p. 697, 80 Cal.Rptr.2d 489, 968 P.2d 48.) Ortega's analysis is just as apt here.
Theft, as discussed above, is divided into two degrees: grand theft and petty theft. Manslaughter has three: voluntary, involuntary, and vehicular manslaughter.[2] (§ 192.) Just as grand theft may take many forms, so can vehicular manslaughter. The various forms of vehicular manslaughter are set forth in section 191 .5, section 192, subdivision (c)(1)-(4), and in section 192.5. Each of these forms has elements that distinguish it from the other types of manslaughter.[3] The actual crime, however, still is manslaughter, as we explained in People v. Thomas, supra, 43 Cal.3d 818, 239 Cal.Rptr. 307, 740 P.2d 419. There we held that the prosecution need not specify in the information which form of manslaughter it intends to prove, but need only allege an unlawful killing without malice, which states a "general charge of manslaughter." (Id. at p. 824, 239 Cal.Rptr. 307, 740 P.2d 419.)
In characterizing the issue here as whether gross vehicular manslaughter while intoxicated contains elements unnecessary to murder, the majority "misses the point." (Ortega, supra, 19 Cal.4th at p. 697, 80 Cal.Rptr.2d 489, 968 P.2d 48.) As this court noted in Ortega, it is irrelevant that a particular form of theft has elements that distinguish it from other forms of theft, because "[t]heft, in whatever form it happens to occur, is a necessarily included offense of robbery." (Id. at p. 699, 80 Cal.Rptr.2d 489, 968 P.2d 48.) Similarly, here it is irrelevant that gross vehicular manslaughter while intoxicated has elements that distinguish it from other forms of manslaughter, because manslaughter, in whatever form it happens to occur, is a necessarily included offense of murder.
The majority's departure from its analysis in Ortega, supra, 19 Cal.4th 686, 80 Cal.Rptr.2d 489, 968 P.2d 48, defies logical explanation. As I mentioned earlier, among the various forms of grand theft is that of grand theft automobile. In Ortega, we considered this particular element of grand theft irrelevant to the question whether grand theft is a lesser offense of robbery. Here a similar element distinguishes gross vehicular manslaughter while intoxicated from other forms of manslaughter: The defendant must have driven a vehicle. Yet, contrary to its analysis in Ortega, the majority finds that element dispositive here.
When an intoxicated driver becomes involved in a fatal accident, a prosecutor may elect to charge the driver only with murder, without also charging any form of vehicular manslaughter. Because, under the majority's holding, trial courts may not instruct on vehicular manslaughter as a lesser included offense of murder, juries in these instances will face the difficult and troubling all-or-nothing choice between a murder conviction and an acquittal. Thus, the majority's decision will deny juries "the opportunity to consider the full range of criminal offenses established by the evidence." (People v. Barton (1995) 12 Cal.4th 186, 197, 47 Cal.Rptr.2d 569, 906 P.2d 531; see also People v. Birks, supra, 19 Cal.4th at p. 127, 77 Cal.Rptr.2d 848, 960 P.2d 1073.)
*711 To summarize, for some 150 years California has treated manslaughteran unlawful killing without maliceas an offense necessarily included in the greater crime of murder. Gross vehicular manslaughter while intoxicated is simply a form of manslaughter. Therefore, even though it has elements distinguishing it from other forms of manslaughter, gross vehicular manslaughter while intoxicated is a lesser included offense of murder.
A defendant may not be convicted of both a greater and a lesser included offense when both arise from the same conduct. (People v. Pearson (1986) 42 Cal.3d 351, 355, 228 Cal.Rptr. 509, 721 P.2d 595.) Here the same conduct that led to defendant's conviction of murder also resulted in his conviction for gross vehicular manslaughter while intoxicated, an offense that, as I explained above, is a lesser included offense of murder. I would therefore reverse the judgment of the Court of Appeal and remand the matter with directions to reverse defendant's conviction for gross vehicular manslaughter while intoxicated.
BROWN, J., concurs.
NOTES
[1] All statutory references are to the Penal Code, unless otherwise indicated.
[2] We do not believe we should infer legislative acquiescence in the interpretation by the court in Watson simply because the Legislature in 1986 amended section 192 to retain language referring to vehicular manslaughter while intoxicated but without gross negligence, and transferred to section 191.5 the definition of vehicular manslaughter while intoxicated with gross negligence that formerly was part of section 192. (§ 191.5; see Stats. 1986, ch. 1106, §§ 2, 3, pp. 3880-3882; see former § 192, subd. 3(c) & (d), amended by Stats.1983, ch. 937, § 1, pp. 3387-3388.) Contrary to the contention of defendant, there is no indication that the Legislature, by transferring language from section 192 to a new code section, intended to express any view on the question of lesser included offenses. (See People v. Morante (1999) 20 Cal.4th 403, 429, 84 Cal.Rptr.2d 665, 975 P.2d 1071 [inference of legislative acquiescence is not conclusive even with a "consistent and long-standing judicial interpretation" of a statute]; People v. King (1993) 5 Cal.4th 59, 75, 19 Cal.Rptr.2d 233, 851 P.2d 27.)
[3] People v. Garcia, supra, 41 Cal.App.4th 1832, 50 Cal.Rptr.2d 127 and People v. Watson, supra, 150 Cal.App.3d 313, 198 Cal.Rptr. 26, are disapproved to the extent they are inconsistent with this opinion.
[4] Defendant's request that we take judicial notice of the materials included in the Legislative Intent Service report on the legislative history of section 191.5 is granted. Our decision, however, does not turn on a distinction between vehicular manslaughter while intoxicated as defined by section 192 and gross vehicular manslaughter while intoxicated as defined by section 191.5. Accordingly, it is unnecessary to determine to what extent the Legislature intended to differentiate between the two offenses when it moved language formerly contained in section 192 to its current position in section 191.5.
[1] I recognize that appellant's argument is apparently not inconsistent with the analysis presented in the majority opinion in People v. Ortega (1998) 19 Cal.4th 686, 80 Cal.Rptr.2d 489, 968 P.2d 48. I myself concurred in that opinion. But I am now doubtful of its soundness. Accordingly, in the next appropriate case, I would undertake a reconsideration.
[1] All further statutory references are to the Penal Code.
[2] Section 486 mentions two "degrees" of theft (petty theft and grand theft), whereas section 192 specifies three "kinds" of manslaughter (voluntary manslaughter, involuntary manslaughter, and vehicular manslaughter). I see no significance in the Legislature's use of the word "kinds" rather than "degrees" in section 192, and the majority does not maintain otherwise.
[3] For example, vehicular manslaughter may involve operation of a motor vehicle in violation of specified sections of the Vehicle Code (see, e.g., Pen.Code, § 192, subd. (c)(3)), or it may involve operation of a vessel in violation of specified sections of the Harbors and Navigation Code (see, e.g., Pen.Code, § 192.5, subd. (c).) It may involve the commission of "an unlawful act, not amounting to felony, and with gross negligence" (id., § 192, subd. (c)(1)), or it may involve the commission of "a lawful act which might produce death, in an unlawful manner, but without gross negligence" (id., § 192, subd. (c)(3)).