*998 KENNARD, J., Dissenting.—
Driving while drunk, defendant Juan Jose Sanchez struck another car, killing its passenger. For killing one person, he was convicted of two counts of homicide: one count of second degree murder (Pen. Code, § 187)[1] and one count of gross vehicular manslaughter while intoxicated (§ 191.5, subd. (a)).
The majority affirms both convictions. I would not. A defendant may not be convicted of two crimes when, as here, one is a lesser offense necessarily included within the other. Under well-established case law, manslaughter is a lesser included offense of murder, and gross vehicular manslaughter while intoxicated is simply a form of manslaughter. Thus, I would affirm the conviction for second degree' murder but, unlike the majority, I would reverse the conviction for gross vehicular manslaughter while intoxicated.
As the majority concedes, decisions dating as far back as 1854, four years after California became a state, have treated manslaughter as a lesser included offense of murder. (See, e.g., People v. Gilmore (1854) 4 Cal. 376, 380 [“An indictment, by operation of law for murder, is also an indictment for manslaughter, and every less offense that may be included under the charge for murder, just as much as though it were charged in distinct and separate counts”]; People v. Muhlner (1896) 115 Cal. 303, 305 [47 P. 128] [“The offense of manslaughter is necessarily included in the charge of murder”]; People v. Pearne (1897) 118 Cal. 154, 157 [50 P. 376] [“[I]t has always been held that upon an indictment charging murder a conviction for manslaughter was proper.”]; see also People v. McFarlane (1903) 138 Cal. 481, 484 [71 P. 568]; People v. Tugwell (1917) 32 Cal.App. 520, 528 [163 P. 508]; People v. Shimonaka (1911) 16 Cal.App. 117, 121 [116 P. 327].) Many recent decisions, including this court’s, have held that manslaughter is a lesser included offense of murder. (People v. Thomas (1987) 43 Cal.3d 818, 824 [239 Cal.Rptr. 307, 740 P.2d 419]; see People v. Breverman (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094]; Stone v. Superior Court (1982) 31 Cal.3d 503, 517 [183 Cal.Rptr. 647, 646 P.2d 809]; In re McCartney (1966) 64 Cal.2d 830, 831 [51 Cal.Rptr. 894, 415 P.2d 782]; 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Defenses, § 173, p. 529; see also Stevenson v. United States (1896) 162 U.S. 313, 320-322 [16 S.Ct. 839, 842, 40 L.Ed. 980]; State v. Moncla (1997) 262 Kan. 58 [936 P.2d 727, 739]; Roach v. State (2000) 358 Md. 418 [749 A.2d 787, 793]; People v. Pouncey (1991) 437 Mich. 382 [471 N.W.2d 346, 350]; Perkins & Boyce, Criminal Law (3d ed. 1982) pp. 124-125 [collecting cases from several jurisdictions and characterizing them as representing the better rule].)
There is a sound basis for the rule. Historically, our law has defined murder as the unlawful killing of a human being with malice (see § 187), *999 while manslaughter is statutorily defined as “the unlawful killing of a human being without malice” (§ 192, italics added). As this court explained recently: “California statutes have long separated criminal homicide into two classes, the greater offense of murder and the lesser included offense of manslaughter. The distinguishing feature is that murder includes, but manslaughter lacks, the element of malice.” (People v. Rios (2000) 23 Cal.4th 450, 460 [97 Cal.Rptr.2d 512, 2 P.3d 1066].)
The majority acknowledges the “long and settled tradition” of treating manslaughter as an offense necessarily included in the greater crime of murder. (Maj. opn., ante, at p. 992.) The majority asserts, however, that this tradition “has not extended to the more recently enacted forms of vehicular manslaughter that require proof of additional elements.” (Ibid.) In so asserting, the majority does not mean there are published judicial decisions holding that vehicular manslaughter is not a lesser included offense of murder, nor does it mean that no published decisions have addressed this point. As the majority cannot deny, this state’s appellate courts have addressed the issue, and all published decisions have concluded that vehicular manslaughter in all its forms is included within the crime of murder. (See People v. Garcia (1995) 41 Cal.App.4th 1832, 1855 [50 Cal.Rptr.2d 127]; People v. Watson (1983) 150 Cal.App.3d 313, 323 [198 Cal.Rptr. 26]; see also People v. Perez (1989) 212 Cal.App.3d 395, 399 [260 Cal.Rptr. 474]; People v. Brogna (1988) 202 Cal.App.3d 700, 706 [248 Cal.Rptr. 761].)
In asserting that the “long and settled tradition” of treating manslaughter as a lesser included offense of murder “has not extended” to more recently enacted forms of vehicular manslaughter, what the majority apparently means is that this line of authority extends back only 20 years, rather than 150. Why this should make a difference the majority does not explain. In any event, the most logical explanation for the absence of authority older than 20 years is that prosecutors rarely charged vehicular homicide as murder until this court expressly recognized their authority to do so in People v. Watson (1981) 30 Cal.3d 290 [179 Cal.Rptr. 43, 637 P.2d 279]. Nothing in this history suggests, however, that the Legislature, in designating the various forms of vehicular homicide as “manslaughter,” did not intend to incorporate them into the “long and settled tradition” of treating all forms of manslaughter as lesser included offenses of murder.
In its effort to find support for its conclusion that gross vehicular manslaughter while intoxicated is not a lesser included offense of murder, the majority relies on the rule that “a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of *1000 the lesser offense, such that the greater cannot be committed without also committing the lesser.” (People v. Birks (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073].) Noting that gross vehicular manslaughter while intoxicated requires use of a vehicle and intoxication while murder does not, the majority concludes that gross vehicular manslaughter while intoxicated is not a lesser included offense of murder.
This court rejected a similar analysis in People v. Ortega (1998) 19 Cal.4th 686 [80 Cal.Rptr.2d 489, 968 P.2d 48] (Ortega). In Ortega, the defendant was convicted of robbery and grand theft. Both offenses were based on the same conduct, which included theft of a car. The Attorney General argued that grand theft was not a lesser included offense of robbery because it required an element—theft of an automobile—that was not necessary to establish the crime of robbery.
This court disagreed and reversed the conviction for grand theft. We explained: The crime of theft is divided into two degrees—grand theft and petty theft. Grand theft can take many forms, each distinguished by separate elements. For example, grand theft occurs when the item stolen is worth more than $400, is taken from the victim’s person, or is an item listed in section 487 (such as an automobile, a firearm, or a sheep). No matter what form the theft takes, however, it is a lesser included offense of robbery, because all the elements of theft are included in the crime of robbery. The elements distinguishing the various forms of grand theft from petty theft have no bearing on whether theft in all its forms is a lesser included offense of robbery. Thus, to ask whether a particular form of theft is necessarily included in robbery “misses the point,” because “the crime of theft, in one form or another, always is included within robbery.” (Ortega, supra, 19 Cal.4th at p. 697.) Ortega’s analysis is just as apt here.
Theft, as discussed above, is divided into two degrees: grand theft and petty theft. Manslaughter has three: voluntary, involuntary, and vehicular manslaughter.[2] (§ 192.) Just as grand theft may take many forms, so can vehicular manslaughter. The various forms of vehicular manslaughter are set forth in section 191.5, section 192, subdivision (c)(l)-(4), and in section 192.5. Each of these forms has elements that distinguish it from the other types of manslaughter.[3] The actual crime, however, still is manslaughter, as we explained in People v. Thomas, supra, 43 Cal.3d 818. There we held that *1001 the prosecution need not specify in the information which form of manslaughter it intends to prove, but need only allege an unlawful killing without malice, which states a “general charge of manslaughter.” (Id. at p. 824.)
In characterizing the issue here as whether gross vehicular manslaughter while intoxicated contains elements unnecessary to murder, the majority “misses the point.” (Ortega, supra, 19 Cal.4th at p. 697.) As this court noted in Ortega, it is irrelevant that a particular form of theft has elements that distinguish it from other forms of theft, because “[t]heft, in whatever form it happens to occur, is a necessarily included offense of robbery.” (Id. at p. 699.) Similarly, here it is irrelevant that gross vehicular manslaughter while intoxicated has elements that distinguish it from other forms of manslaughter, because manslaughter, in whatever form it happens to occur, is a necessarily included offense of murder.
The majority’s departure from its analysis in Ortega, supra, 19 Cal.4th 686, defies logical explanation. As I mentioned earlier, among the various forms of grand theft is that of grand theft automobile. In Ortega, we considered this particular element of grand theft irrelevant to the question whether grand theft is a lesser offense of robbery. Here a similar element distinguishes gross vehicular manslaughter while intoxicated from other forms of manslaughter; The defendant must have driven a vehicle. Yet, contrary to its analysis in Ortega, the majority finds that element dispositive here.
When an intoxicated driver becomes involved in a fatal accident, a prosecutor may elect to charge the driver only with murder, without also charging any form of vehicular manslaughter. Because, under the majority’s holding, trial courts may not instruct on vehicular manslaughter as a lesser .included offense of murder, juries in these instances will face the difficult and troubling all-or-nothing choice between a murder conviction and an acquittal. Thus, the majority’s decision will deny juries “the opportunity to consider the full range of criminal offenses established by the evidence.” (People v. Barton (1995) 12 Cal.4th 186, 197 [47 Cal.Rptr.2d 569, 906 P.2d 531]; see also People v. Birks, supra, 19 Cal.4th at p. 127.)
To summarize, for some 150 years California has treated manslaughter—an unlawful killing without malice—as an offense necessarily included in *1002 the greater crime of murder. Gross vehicular manslaughter while intoxicated is simply a form of manslaughter. Therefore, even though it has elements distinguishing it from other forms of manslaughter, gross vehicular manslaughter while intoxicated is a lesser included offense of murder.
A defendant may not be convicted of both a greater and a lesser included offense when both arise from the same conduct. (People v. Pearson (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595].) Here the same conduct that led to defendant’s conviction of murder also resulted in his conviction for gross vehicular manslaughter while intoxicated, an offense that, as I explained above, is a lesser included offense of murder. I would therefore reverse the judgment of the Court of Appeal and remand the matter with directions to reverse defendant’s conviction for gross vehicular manslaughter while intoxicated.
Brown, J., concurred.

All further statutory references are to the Penal Code.

Section 486 mentions two “degrees” of theft (petty theft and grand theft), whereas section 192 specifies three “kinds” of manslaughter (voluntary manslaughter, involuntary manslaughter, and vehicular manslaughter). I see no significance in the Legislature’s use of the word “kinds” rather than “degrees” in section 192, and the majority does not maintain otherwise.

For example, vehicular manslaughter may involve operation of a motor vehicle in violation of specified sections of the Vehicle Code (see, e.g., Pen. Code, § 192, subd. (c)(3)), or it *1001 may involve operation of a vessel in violation of specified sections of the Harbors and Navigation Code (see, e.g., Pen. Code, § 192.5, subd. (c).) It may involve the commission of “an unlawful act, not amounting to felony, and with gross negligence” (id., § 192, subd. (c)(1)), or it may involve the commission of “a lawful act which might produce death, in an unlawful manner, but without gross negligence” (id., § 192, subd. (c)(3)).